Argued and submitted August 6, 2010, affirmed May 2, 2012

In the Matter of J. L. C.,
a Youth.

STATE OF OREGON,
*Petitioner-Respondent,*

*v.*

J. L. C.,
*Appellant.*

Linn County Circuit Court
J040068;
Petition Number 08JD483;
A142575

277 P3d 625

Christa Obold-Eshleman argued the cause and filed the brief for appellant.

Harry B. Wilson, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Brewer, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.*

_____
* Brewer, P. J., *vice* Armstrong, J.

BREWER, P. J.

## BREWER, P. J.

In this juvenile delinquency proceeding, youth appeals from a judgment finding her within the jurisdiction of the juvenile court based on conduct that, if committed by an adult, would constitute the crime of harassment, ORS 166.065.[1] Youth argues that the juvenile court's determination that she had committed harassment when she pushed her mother was erroneous because the state had failed to establish the culpable mental state required by ORS 166.065, namely, that youth had intended to harass or annoy mother. Youth argues that she pushed mother in order to escape physical punishment and, thus, did not act with the requisite culpable mental state. In the alternative, youth argues that evidence of her intent to escape punishment could not, as a matter of law, establish that she intended to harass or annoy mother.[2]

Our review is governed by ORS 19.415(3)(b),[3] which provides that "the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record." Youth has not requested *de novo* review, and we decline to conduct such a review. Accordingly, we review the juvenile court's legal conclusions for errors of law, but we are bound by its findings of historical fact unless there is no evidence to support those findings. *Ball v. Gladden*, 250 Or 485, 487-88, 443 P2d 621 (1968); *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010). Where findings on disputed issues of fact are not made but there is evidence supporting more than one possible factual finding, we presume that the juvenile court decided the facts consistently with its ultimate legal conclusion. *C. Z.*, 236 Or App at 442. We state the facts consistently with that standard.

---

[1] As pertinent here, ORS 166.065 provides:

"(1) A person commits the crime of harassment if the person intentionally:

"(a) Harasses or annoys another person by:

"(A) Subjecting such other person to offensive physical contact[.]"

[2] We reject youth's second assignment of error without discussion.

[3] The notice of appeal in this case was filed after the effective date of the 2009 amendments to ORS 19.415(3). Or Laws 2009, ch 231, § 3.

Youth entered mother's kitchen as mother was baking a cake. Mother and youth began to argue about who would finish the cake; as the argument escalated, mother testified that she tried to walk behind youth, and youth "grabbed me by the arms and pushed me really hard, and I hit a kitchen chair and the corner of my table." Youth testified that, during the argument, mother had "got up in my face and I got scared because I was afraid that she was gonna put me on the ground,[4] and so I pushed her out of my way so that I could leave." Youth testified that, when she touched mother, she had not intended to "harm or annoy her." In closing argument, youth argued that the state had failed to prove that she had intended to harass or annoy her mother:

"The allegation in the petition is that my client intentionally harassed or annoyed her mother. That she did so with a particular purpose. It seems pretty clear to me that when you listen to these two people testify, one is still hurt by the situation and doesn't have any animosity, the other continues to exhibit some animosity and some anger. And it was pretty clear to me from watching the demeanor, that my client's testimony about the anger that was exhibited by her mother was accurate.

"Mother admitted she was mad, admitted she got in her daughter's face, admitted she was threatening, and my client had reason to be concerned about her safety and simply wanted to leave the kitchen and did touch her mother and pushed her in order to leave. I think that's an appropriate reaction from a 16 year old, almost 17 year old, to avoid an altercation. She wanted to cool off, and she did go to her room and cool off.

"I don't think the state's proved its case."

The juvenile court took jurisdiction of youth, finding that, if it had been committed by an adult, her conduct would have constituted harassment under ORS 166.065. The court explained:

---

[4] Youth testified that, on prior occasions, mother had restrained her by putting her on the ground and sitting on her. Mother acknowledged, during cross-examination, that she had done so on one prior occasion.

"There's a difference between what the law provides and what might be wise. The law provides that a parent is privileged to use reasonable physical force to control a child. It may not be wise to use that force against a 16 year old child, but the law provides that a parent has that right. And the law does not provide that a child has the right to use physical force to resist that exercise of privilige[d] force by the parent.

"So, based on that premise, jurisdiction is taken. The state's proved its case."

Youth made no further argument after the juvenile court announced its determination.

On appeal, youth concedes that her act of touching mother was "offensive physical contact." However, she argues that the state presented no evidence that she had intended to harass or annoy mother by subjecting her to that contact. Youth advances two possible views of the juvenile court's statement set out above. First, youth argues that the statement amounted to a finding of fact that she acted with the intent to resist physical punishment by mother and that her act had been wrongful because she was not privileged to resist mother. That finding, youth contends, necessarily means that the juvenile court found that she had not intended to harass or annoy mother. Alternatively, youth argues that, if the juvenile court implicitly found that she acted with the intent to harass or annoy mother, such a finding was impermissible because intent to harass or annoy cannot be proved by evidence of resistance to parental physical discipline.

The state reads the juvenile court's statements differently. It argues that "the juvenile court's statement describes the law; it is not a finding. In fact, the juvenile court did not make an explicit finding that youth possessed the requisite intent." Accordingly, the state argues, "this court should 'presume that the facts were decided in a manner consistent with the ultimate conclusion.' " (Quoting *Ball*, 250 Or at 487.) Because the juvenile court found youth to be within its jurisdiction for having engaged in conduct amounting to harassment under ORS 166.065, the state reasons, we should presume that it found that youth acted with the intent to

harass or annoy mother because there is evidence in the record to support such a finding.

We begin with youth's alternative argument, which we reject because youth failed to preserve it before the juvenile court. An issue is preserved for appellate review if the trial court had the opportunity to "identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Here, as set out above, youth argued to the juvenile court that the state had not "proved its case" because it failed to adduce evidence that she had intended to harass or annoy mother. Youth did not address the juvenile court's oral statement with respect to youth's lack of legal privilege to resist mother's discipline, and youth made no further argument after the court took jurisdiction of her. Accordingly, youth failed to alert the juvenile court to the argument she makes before this court: that evidence of resistance to parental physical discipline cannot, as a matter of law, be evidence of intent to harass or annoy. It follows that that argument is not preserved for our review.

We turn, then, to the parties' competing interpretations of the juvenile court's oral statement. As noted, youth argues that the statement constituted a factual finding that she had intended to resist mother's punishment, and the state argues, to the contrary, that it was not a finding of fact at all, but merely a statement of the juvenile court's view of the law. As noted, in taking jurisdiction of youth, the juvenile court explained that

"[t]here's a difference between what the law provides and what might be wise. The law provides that a parent is privileged to use reasonable physical force to control a child. It may not be wise to use that force against a 16 year old child, but the law provides that a parent has that right. And the law does not provide that a child has the right to use physical force to resist that exercise of privilige[d] force by the parent.

"So, based on that premise, jurisdiction is taken. *The state's proved its case.*"

(Emphasis added.) We agree with the state that the juvenile court's statement regarding legal privileges was not inconsistent with the predicate factual finding underlying the court's ultimate decision: namely, that youth's actions demonstrated her intent to harass or annoy mother.

As the state correctly points out, the evidence in the record is sufficient to support *both* a finding that youth intended to harass or annoy mother *and* a finding that youth intended to resist mother's punishment. The juvenile court, in taking jurisdiction of youth on the ground that she had engaged in conduct constituting harassment, necessarily found that that evidence proved youth's intent to harass or annoy mother. Regardless of whether that same evidence might also demonstrate some other intent on the part of youth, we must "presume that the juvenile court decided the facts consistently with its ultimate legal conclusion." *C. Z.*, 236 Or App at 442.

Affirmed.