832 September 5, 2024 No. 648

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Y. S. H.-A.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

Y. S. H.-A.,
*Appellant.*

Washington County Circuit Court
23JU02060; A181875

Thomas A. Goldman, Judge.

Submitted July 31, 2024.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Youth appeals a judgment committing him to Oregon Youth Authority (OYA) custody and recommending placement in a youth correctional facility. In a single assignment of error, youth argues that the juvenile court erred because it failed to make legally sufficient written findings under ORS 419C.478(1) that described why it was in youth's best interests to be committed to OYA custody. We affirm.

Under ORS 419C.478(1), any order that places an adjudicated youth in OYA custody must "include written findings describing why it is in the best interests of the adjudicated youth to be placed with the youth authority." "A juvenile court's failure to include findings is legal error." *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023); *State v. J. L. C.*, 249 Or App 559, 561, 277 P3d 625 (2012) ("[W]e review the juvenile court's legal conclusions for errors of law, but we are bound by its findings of historical fact unless there is no evidence to support those findings.").

In this case, youth admitted to conduct which, if committed by an adult, would constitute unlawful possession of heroin, ORS 475.854(2)(c)(A), attempted unlawful delivery of a Schedule II controlled substance, ORS 475.752(1)(b), and unlawful possession of a Schedule II controlled substance, ORS 475.752(3)(b)(8)(a). The juvenile court held a contested dispositional hearing during which youth's juvenile counselor described the lack of adult supervision in youth's life, expressed concern that youth would suffer retaliation because of the amount of money that was lost upon youth's arrest, and recommended placement in OYA custody. Youth requested placement with a family friend and youth's cousin. The juvenile court addressed youth and, after acknowledging that youth had "lived a very difficult life," found that it was in youth's best interests to be placed in OYA custody.

At the conclusion of the hearing, the juvenile court made findings on the record as to why it found that placement in OYA custody was in youth's best interests:

> "It is in the best interest and welfare that the youth be placed in the custody of the Oregon Youth Authority,

because you have no legal ties to this community; you were caught multiple times with significant amounts of controlled substances; you are currently on abscond from South Carolina on a federal release order. The Oregon Department of Human Services, who probably could have helped you, is now no longer able to help. They have no options for you. There are safety concerns for you, yourself, due to the loss of drugs and money from this incident."

Following the hearing, the juvenile court entered a judgment committing youth to OYA custody. In that judgment, the juvenile court adopted its oral findings into written ones and wrote, "No legal ties to community, caught multiple times with significant amounts of controlled substances, on abscond from S. Carolina federal release, [the Department of Human Services] has no options, safety concerns for youth due to loss of drugs/money."

On appeal, we understand youth to argue that the juvenile court's written findings are legally insufficient because they do not demonstrate that OYA placement was in youth's best interests under ORS 419C.478(1). In support, youth relies on *State v. S. D. M.*, 318 Or App 418, 506 P3d 1190 (2022), and *D. B. O.*, 325 Or App at 749-50. We disagree with youth's argument.

The parties dispute whether youth's assignment of error is preserved. We need not conclusively resolve the preservation question, because youth's claim fails on the merits. Here, the court's findings do not "merely state *** [the] necessary precursors" to a disposition judgment. *See S. D. M.*, 318 Or App at 420-21 ("[Y]outh violated the requirements of probation; he did not follow the rules of sex offender treatment."). Moreover, they are not "ambiguous." *See D. B. O.*, 325 Or App at 747, 750 ("Youth cannot be maintained in the community."). Rather, the findings demonstrate that the juvenile court considered youth's safety, the support and supervision available to youth in the community, and the possibility of Department of Human Services placement when it determined that placement in OYA custody was in youth's best interests. Therefore, the findings are legally sufficient. *See id.* at 750 ("[T]he legislature imposed the findings requirement to ensure that the juvenile court takes time to consider the positive and negative impacts a decision may

have on the adjudicated youth."). Although youth disagrees with the juvenile court's evaluation of the evidence, we do not reweigh evidence on appeal. *See J. L. C.*, 249 Or App at 561 ("[W]e are bound by [a juvenile court's] findings of historical fact unless there is no evidence to support those findings."). Because the findings are legally sufficient, the juvenile court did not err.

Affirmed.