Submitted on record and briefs April 4, vacated and remanded May 9, 2007

In the Matter of
C. N. W., a Youth.

STATE ex rel JUVENILE DEPARTMENT OF
CLACKAMAS COUNTY,
*Respondent,*

*v.*

C. N. W.,
*Appellant.*

Clackamas County Circuit Court
04-07-21J;
Petition Numbers
04-07-21J-02, 04-07-21J-03;
A129330 (Control), A129331

159 P3d 333

Gay Canaday filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Edmonds and Ortega, Judges.

PER CURIAM

### PER CURIAM

At the age of 16, youth was committed to the legal custody of the Oregon Youth Authority under two court orders, each committing him for a period of five years, to be served consecutively or until his twenty-fifth birthday, whichever came first. On appeal, he argues—and the state concedes—that the juvenile court did not follow the mandate of ORS 419C.478(1):

> "In any order issued under this section, the court shall include written findings describing why it is in the best interests of the youth offender to be placed with the youth authority or the department."

The state argues that, because youth did not request written findings, because the evidence supported the placement, and because youth offered no "statutory authority or case law that demonstrate that failure to recite the required findings in the written order renders that order invalid," the juvenile court did not err.

The statutory mandate is unambiguous: the court "shall include written findings." It does not require a request, nor does it state that findings are not necessary when evidence supports the disposition. We therefore remand this case to the juvenile court with instructions to include such written findings as it deems appropriate.

In a second assignment of error, youth contends that, in deciding on its disposition of the case, the court erred in failing to consider factors set out in ORS 419C.411(3). Consideration of those factors is discretionary and we conclude without discussion that any failure to consider them was not an abuse of discretion.

Vacated and remanded.