Submitted May 6, vacated and remanded May 27, 2009

In the Matter of J. J.,
a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

J. J.,
*Appellant.*

Multnomah County Circuit Court
2000800222;
Petition Numbers
070123259, 061226115; A135826

208 P3d 1054

Susan D. Isaacs filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

Youth admitted that he had committed acts that, if committed by an adult, would constitute the crimes of unlawful use of a weapon and unlawful possession of a firearm. The trial court then ordered him committed to the legal custody of the Oregon Youth Authority. Youth appeals, arguing that the trial court erred in failing to make written findings as required by ORS 419C.478(1).

The state does not dispute that the trial court failed to make the findings required by that statute, but insists that the matter was not preserved and is unreviewable. The state acknowledges that, in *State ex rel Juv. Dept. v. K. M.-R.*, 213 Or App 275, 160 P3d 994 (2007), and *State ex rel Juv. Dept. v. C. N. W.*, 212 Or App 551, 159 P3d 333 (2007), we concluded that a trial court's failure to make the findings required by ORS 419C.478(1) amounts to plain error that warrants the exercise of discretion to review. The state contends that those decisions are inconsistent with the Supreme Court's decision in *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), which the state reads to hold that a failure to make statutorily required findings, if not objected to below, cannot be reviewed as plain error.

As we explained in *State ex rel Dept. of Human Services v. J. N.*, 225 Or App 139, 144-45, 200 P3d 615 (2009), *Bucholz* did not hold that a failure to make statutorily required findings can never be reviewed as plain error. Rather, that case stands for the proposition that, although the failure to make such findings may amount to plain error, under some circumstances, it may not be appropriate to exercise our discretion to review the error. *J. N.*, 225 Or App at 145.

In this case, as in the factually indistinguishable *K. M.-R.* and *C. N. W.*, we conclude that it is appropriate to exercise our discretion to review the error. We therefore remand to the juvenile court with instructions to make such written findings as it deems appropriate to satisfy the requirements of ORS 419C.478(1).

Vacated and remanded.