Argued and submitted October 27, vacated and remanded December 16, 2009

In the Matter of K. I. S.,
a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF UNION COUNTY,
*Respondent,*

*v.*

K. I. S.,
*Appellant.*

Union County Circuit Court
4743J; Petition Number 4743J01;
A135976

222 P3d 750

■■■■■■■■■■■■■■■■

Jennifer McGowen argued the cause and filed the briefs for appellant.

Samuel A. Kubernick, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

■■■■■■■■■■■■■■

## PER CURIAM

The juvenile court found youth to be within the court's jurisdiction for having engaged in conduct that, had it been committed by an adult, would have constituted sexual abuse in the first degree. ORS 163.427. The court committed youth to the custody of the Oregon Youth Authority (OYA) for placement in a youth correctional facility. The court did so without making a finding that it is in youth's best interests to be placed in OYA custody.

Youth appeals, advancing three assignments of error. The first two concern the admissibility and sufficiency of the evidence on which the state relied in establishing that youth had committed first-degree sexual abuse. We affirm as to those assignments without discussion. The third assignment is that the juvenile court erred in ordering youth committed to OYA custody without first making a finding that it is in youth's best interests to do so. The state concedes the point and argues that the judgment of disposition should be vacated and the matter remanded for further findings. Youth contends that we need not vacate and remand; rather, youth contends, we should simply decide, on *de novo* review, that it is not in his best interests to be committed to OYA custody.

We agree that the juvenile court erred. *See* ORS 419C.478(1) (if the juvenile court places a youth in OYA custody it "shall include written findings describing why it is in the best interests of the youth offender to be placed with [OYA]"); *State ex rel Juv. Dept. v. C. N. W.*, 212 Or App 551, 552, 159 P3d 333 (2007) ("The statutory mandate is unambiguous: the court 'shall include written findings.'"). We decline youth's invitation to make the findings ourselves and instead remand to the juvenile court to do that.

Vacated and remanded.