ORTEGA, P. J.
*611 Mother appeals a juvenile court judgment entered in child's juvenile dependency case that continued child's placement with the Oregon Youth Authority (OYA) and denied mother's request to place child in her custody.[1] In her first assignment of error, she asserts that the juvenile court plainly erred because it failed to make findings in the *1109 judgment that are required by ORS 419B.449(3). In her second and third assignments, she claims that the court's decision to deny her motion to return child to her care and continuing his placement with the OYA was error because that decision was not supported by sufficient evidence. Child agrees with mother's assignments of error, although he argues that mother's second and third assignments should be considered under plain error review because mother failed to preserve those arguments. Specifically, he argues that the court plainly erred because the only information in the record that supported placement with OYA was the unsworn testimony of mother and the parties' attorneys.
As to mother's first assignment, the Department of Human Services (DHS) asserts that any error is not "plain" because it is not obvious that the hearing that precipitated the order was a review hearing under ORS 419B.449. As to mother's second and third assignments, DHS asserts that continuing child's placement with OYA was supported by sufficient information and neither mother nor child objected to the court's consideration of unsworn testimony.
We conclude that the lack of findings in the court's order is not plain error because, as DHS argues, it is not "obvious" that the hearing was of the sort that required findings under ORS 419B.449. To be "plain" the error must (1) be an error of law; (2) be obvious, meaning that the legal point is not reasonably in dispute; and (3) appear on the record. ORAP 5.45(1) ; State v. Vanornum , 354 Or. 614, 629, 317 P.3d 889 (2013). Here, the record shows that the *612 hearing was held, in large part, to address issues in child's concurrent juvenile delinquency case. In addition, there is nothing in the record that makes it obvious that the relevant hearing was triggered by a request of any party under ORS 419B.449 or the court's receipt of a report under ORS 419B.440. In those circumstances, we conclude that mother has failed to demonstrate that any error was "plain."
We also reject mother's second and third assignments of error. The juvenile court had information from which it could have rejected mother's request to place child with her and therefore continue child's placement with OYA. Further, in the unique circumstances of this case, even if we assume without deciding that the juvenile court's consideration of unsworn testimony was plain error, we would decline to exercise our discretion to correct such an error because doing so would undermine the purposes of preservation-specifically, had the error been called to the court's attention, it could easily have avoided or corrected the error. See State v. Inman , 275 Or.App. 920, 935, 366 P.3d 721 (2015), rev. den. , 359 Or. 525, 379 P.3d 518 (2016) ("[T]he ease with which any error could have been avoided or corrected should be a significant factor in an appellate court's decision whether to exercise its discretion to correct a plain, but unpreserved, error."). Moreover, if the court had taken the simple and presumably uncontroversial step to swear-in the witnesses, it is unlikely any objection would have been made.
Affirmed.

At the time of hearing, the juvenile court had dependency jurisdiction over child, and child had been previously committed to the juvenile department for committing an act that, if he were an adult, would constitute second-degree sexual abuse. As a result of the hearing, the court entered orders in child's dependency case and child's delinquency case. In Case No. A164477, child has separately appealed the judgment entered in the delinquency case.