PER CURIAM
*849 Youth appeals a juvenile court judgment entered in youth's juvenile delinquency case that continued his placement with the Oregon Youth Authority (OYA) for a period not to exceed five years.[1] At the time of the contested hearing that led to the judgment on appeal, youth had been adjudicated for committing an act that, if he were an adult, would constitute second-degree sexual abuse.
In his first assignment of error, youth asserts that the juvenile court committed plain error, because its determination that it was in his best interest to be committed to OYA was not supported by any evidence in the record. In particular, youth argues that "no evidence was entered" and "no testimony was taken." He asserts that, to the extent the court relied on the "trial court file" or the "dispositional review report," the court failed to take advantage of the statutory mechanism for incorporating documents, reports, and other materials or information into the evidentiary record. He also asserts that the unsworn testimony of the parties and the argument provided by the parties' attorneys was not competent evidence on which the court could rely. We rejected a nearly identical argument on appeal in youth's related juvenile dependency case, Dept. of Human Services v. H. F. E. , 288 Or.App. 609, 612, 410 P.3d 1108 (2017), and, for the reasons stated in that opinion, we reject youth's first assignment of error in this case. The juvenile court had information from which it could have decided to continue youth's placement with OYA and, in the unique circumstances of this case, even if we assume without deciding that the juvenile court's consideration of unsworn testimony and other documents was plain error, we would decline to exercise our discretion to correct that error, because doing so would undermine the purposes of preservation-"specifically, had the error been called to the court's attention, it *850 could easily have avoided or corrected the error" and "if the court had taken the simple and presumably uncontroversial step to swear-in the witnesses, it is unlikely any objection would have been made." Id.
Youth's second assignment of error challenges the court's failure to include "written findings" as to "why it is in the best interest of the youth offender to be placed with the youth authority or the department" as explicitly required by ORS 419C.478(1). We agree with youth that the court erred by failing to make written findings as required by ORS 419C.478(1), and vacate and remand for the court to make such written findings as it deems appropriate to satisfy the statute's requirements. State ex rel. Juv. Dept. v. C. N. W. , 212 Or.App. 551, 552, 159 P.3d 333 (2007) (the "statutory mandate" to include findings is "unambiguous" and does not require *1203 a request by the parties, nor does it state that findings are not necessary when evidence supports the disposition); see also State ex rel. Juv. Dept. v. K. M.-R. , 213 Or.App. 275, 276, 160 P.3d 994 (2007) (remanding for juvenile court to include written findings under ORS 419C.478(1) ).
Vacated and remanded.

At the time of the hearing, the juvenile court had dependency jurisdiction over youth and the juvenile court had also taken delinquency jurisdiction over youth based on a juvenile adjudication. As a result of the hearing, the court entered orders in youth's dependency case and youth's delinquency case. Youth separately appealed the judgment entered in the dependency case, which we affirmed on appeal. Dept. of Human Services v. H. F. E. , 288 Or.App. 609, 612, 410 P.3d 1108 (2017).