Argued and submitted January 5, 2018; restitution award reversed, remanded for new dispositional judgment, otherwise affirmed March 11, 2020

In the Matter of M. A. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

M. A. S.,
*Appellant.*

Deschutes County Circuit Court
15JV0126;
A161282 (Control), A161512

462 P3d 284

In this delinquency proceeding, youth seeks reversal of the juvenile court's determination that youth is within the court's jurisdiction for one count of second-degree sexual abuse if committed by an adult. Youth argues that the court lacked authority to amend the petition to include the allegation of second-degree sexual abuse because it failed to make written findings stating the reason for directing the finding, as required by ORS 419C.261(1). Youth also contends that the juvenile court's direction to amend the delinquency petition on the morning of the jurisdictional hearing violated his due process right to notice under the Fourteenth Amendment to the United States Constitution. The juvenile court awarded restitution, and youth argues that, because the state presented its restitution evidence after the court had determined that youth was within its jurisdiction, the state failed to meet the requirement under ORS 419C.450 that restitution evidence be presented "prior to or at the time of adjudication." *Held*: Youth's challenges that the juvenile court lacked the legal authority to amend the petition without making written findings and that his procedural due process rights were violated are rejected. The state's presentation of restitution evidence at the dispositional hearing occurred after the adjudication of youth and was therefore untimely.

Restitution award reversed; remanded for new dispositional judgment; otherwise affirmed.

Stephen P. Forte, Judge.

Christa Obold Eshleman argued the cause the filed the reply brief for appellant. On the opening brief was Adrian Tobin Smith.

Jonathan N. Schildt argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Sercombe, Senior Judge.

ARMSTRONG, P. J.

Restitution award reversed; remanded for new dispositional judgment; otherwise affirmed.

## ARMSTRONG, P. J.

In this consolidated juvenile delinquency proceeding,[1] youth seeks in his first assignment of error a reversal of the juvenile court's determination that youth is within the court's jurisdiction for conduct that would constitute one count of second-degree sexual abuse if committed by an adult. In his second assignment of error, youth challenges the court's restitution award to the victim. Youth argues in his first assignment (1) that the juvenile court lacked authority to amend the petition to include the allegation of second-degree sexual abuse, because the court failed to make written findings stating the reason for directing the amendment, as required by ORS 419C.261(1) (the juvenile court "shall make written findings stating the reason for directing [an] amendment" when the amendment alleges a sex crime) and (2) that the juvenile court's direction to amend the delinquency petition on the morning of the jurisdictional hearing violated his due process right to notice under the Fourteenth Amendment to the United States Constitution.[2] The state responds that youth failed to preserve those arguments. For the reasons explained below, we reject youth's first assignment of error. As for the second assignment, relating to the order to pay restitution, youth argues that, because the district attorney presented the restitution evidence to the juvenile court after the court had adjudicated youth to be within its jurisdiction, the state failed to meet the requirement of ORS 419C.450 that the district attorney present restitution evidence "prior

---

[1] Youth initially appealed a minute order entered by the juvenile court, A161282. The Appellate Commissioner gave the juvenile court leave to enter a judgment memorializing the decisions that it had made in its minute order, based on the commissioner's conclusion that ORS 419A.205 and ORS 419A.200 require a juvenile court's determination whether it has jurisdiction of a youth to be in the form of a judgment. The juvenile court thereafter entered a judgment, and youth appealed that judgment, A161512. Those appeals were consolidated on this court's own motion, with A161282 designated as the control case.

[2] ORS 419C.261(1) provides:

"The court, on motion of an interested party or on its own motion, may at any time direct that the petition be amended. If the amendment results in a substantial departure from the facts originally alleged, the court shall grant such continuance as the interests of justice may require. When the court directs the amendment of a petition alleging that a youth has committed an act that would constitute a sex crime, as defined in ORS 163A.005, if committed by an adult, the court shall make written findings stating the reason for directing the amendment."

to or at the time of adjudication." The state answers that the district attorney had until the time that the juvenile court entered the judgment establishing jurisdiction over youth to present jurisdictional evidence and, therefore,[3] the district attorney's presentation of the restitution evidence was timely. Because we agree with youth's construction of ORS 419C.450, we reverse the restitution award.

## PROCECUDURAL BACKGROUND

The procedural facts are undisputed. The state alleged by delinquency petition that 13-year-old youth had forced his 13-year-old girlfriend to perform oral sex on him and was within the juvenile court's jurisdiction by reason of one count of first-degree sodomy (ORS 163.405, if committed by an adult) and one count of coercion (ORS 163.275, if committed by an adult), and it asked the court "to make such orders as are appropriate in the circumstances." On the morning of youth's jurisdictional hearing, the state asked the court to amend the petition to include one count of second-degree sexual abuse. Youth objected to the amendment, arguing that the jurisdictional hearing had been scheduled for approximately three months and that both parties were prepared to try the pending sodomy and coercion counts. Youth added that

"a two-day trial with over a dozen witnesses has been scheduled based upon those allegations, not an amended petition. We're not asking for a postponement. *We're asking to proceed today. But I am asking the Court not to permit the amendment as a line item.*"

(Emphasis added.) The state responded:

"ORS 419C.261 allows in a juvenile matter an amendment and dismissal of a petition at any time. It says, 'The court,

_____

[3] ORS 419C.450(1)(a) provides, in part:

"It is the policy of the State of Oregon to encourage and promote the payment of restitution and other obligations by youth offenders as well as by adult offenders. In any case within the jurisdiction of the juvenile court pursuant to ORS 419C.005 in which the youth offender caused another person any physical, emotional or psychological injury or any loss of or damage to property, the victim has the right to receive prompt restitution. The district attorney shall investigate and present to the court, prior to or at the time of adjudication, evidence of the nature and amount of the injury, loss or damage."

\* \* \* on the motion of an interested party or on its own motion, may at any time direct that the petition be amended.'

"And then also, if it is a sex crime case, 'as defined in ORS [163A.005], [if] committed by an adult, the Court shall make written findings stating the reason for directing the amendment.'

"\* \* \* I would just argue that the reason for the amendment is the facts are the same. It doesn't change any of the facts. We're not presenting any new facts. We haven't presented any new police reports. We haven't presented any new evidence that the defense is not aware of. All of the issues are the same. It just basically allows the Court to have an alternative theory \* \* \* to be considered in this case. And arguably, a Sex Abuse II is a lesser included of Sodomy I."

Youth's counsel, not contesting that the sexual act occurred, answered that he was prepared "essentially on the force issue," referring to the forcible-compulsion elements in first-degree sodomy and coercion.

The court allowed the amendment without written explanation and stated that the jurisdictional hearing would proceed on all three counts. Both parties said that they were ready to proceed. On the second day of the jurisdictional hearing, youth moved to dismiss (a motion analogous to a motion for judgment of acquittal in a criminal trial, *State ex rel Juv. Dept. v. Deford*, 177 Or App 555, 577 n 13, 34 P3d 673 (2001)), arguing that there was not enough evidence to support the allegations because of the victim's inconsistent testimony. The motion was denied, and, after further testimony, the juvenile court ruled from the bench that it was asserting jurisdiction over youth only on the second-degree sexual abuse allegation, finding that the encounter "was a nonconsensual event that occurred between [youth and the victim]." The court then signed and entered a minute order memorializing those rulings and scheduled the dispositional hearing for about two months later.[4]

---

[4] "Although practice varies, traditionally when a trial judge is sitting officially, with or without a court reporter, a clerk or deputy clerk keeps minutes. When the judge makes an oral order, the only record of that order may be in the minutes. It is therefore referred to as a minute order." *Black's Law Dictionary* 1271 (10th ed 2014). Here, the order was signed by the court above a caption that read: "If the above Minute Order is unsigned, it does not constitute an Order of the Court and contains only journal entries for the proceeding."

After the jurisdictional hearing, youth filed a motion to dismiss the second-degree sexual abuse count, arguing that the court had "no authority to provide disposition for [the second-degree sexual abuse count] and the remainder of the petition should be dismissed." In youth's view, ORS 419C.261(1) required the court to make written findings stating the reason for directing the amendment of the petition, and the juvenile court had failed to do that. At the dispositional hearing, the state asked the court to make written findings with respect to the petition's amendment, but youth argued that, not having made written findings "contemporaneously at or near the time" of the amendment, the court had "lost jurisdiction," given that the two original counts had been dismissed. The juvenile court denied youth's motion to dismiss, believing that it had dealt with the issue of written findings at the time of the amendment.

Also at the dispositional hearing, the state sought restitution in the amount of $6,900, presenting evidence of the expenses for the victim's past and future therapy, and the cost to have her therapist attend the jurisdictional hearing. Youth argued that he did not take issue with the amount of restitution but objected to the imposition of restitution in any amount because the state had failed to present evidence of economic damages prior to or at the time of adjudication, ORS 419C.450, which, in youth's view, meant prior to or at the time of youth's jurisdictional hearing. The court determined that the adjudication of youth occurred not at the time that the court took jurisdiction but at the time of the dispositional hearing and continued until the date that the court entered a judgment of adjudication. The court therefore rejected youth's argument that the state's presentation of restitution evidence was untimely.

The court entered a "Juvenile Jurisdiction & Disposition Judgment," which indicated that the juvenile court determined that youth was within its jurisdiction based on the second-degree sexual abuse allegation and ordered, among other things, placement of youth on probation, a no-contact order with the victim, and $6,900 in restitution. Youth has appealed that judgment.

AMENDMENT OF PETITION

Youth argues on appeal that it was legal error for the juvenile court to amend the delinquency petition to include an additional sex-crime charge, and he seeks reversal of the judgment establishing jurisdiction over him. That is because, youth asserts, the juvenile court failed to make the mandatory written findings required by ORS 419C.261(1) to amend the original petition in this case. That statute allows for an amendment of a delinquency petition, but, "[w]hen the court directs the amendment of a petition alleging that a youth has committed an act that would constitute a sex crime, as defined in ORS 163A.005, if committed by an adult, the court shall make written findings stating the reason for directing the amendment." ORS 419C.261(1). Youth contends that, because the juvenile failed to make the required written findings explaining its reason for amending the petition to include an additional sexual offense, it lacked authority to amend the petition. The state responds that youth never requested findings and that, therefore, youth's argument is unpreserved and unreviewable. Youth also argues on appeal that amending the state's petition on the morning of the jurisdictional hearing without prior notice violated his right to due process under the Fourteenth Amendment. The state responds that youth also failed to preserve that argument. We reject youth's assignment of error that the juvenile court erred by amending the petition.

Under our general principles of preservation, "an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). A "party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Id.* at 343. Further, preservation "in contexts involving mandatory trial court findings" is required. *Peeples v. Lampert*, 345 Or 209, 221, 191 P3d 637 (2008). In *State v. Bucholz*, 317 Or 309, 320, 855 P2d 1100 (1993), the Supreme Court explained that the defendant had not preserved a challenge to the trial court's failure to make explicit findings in imposing consecutive terms

of imprisonment because "no objection to lack of findings or request for findings was entered by defendant. That silence provides no basis for considering a claim of error on later appeal."

In light of that preservation caselaw, *Bucholz* in particular, it would at first blush appear that, if youth's ultimate argument is that the juvenile court erroneously failed to make the requisite written findings and, on appeal, seeks correction of that error, the state is correct that youth's argument is unpreserved. At the jurisdictional hearing, youth argued that he had come prepared to contest the forcible-compulsion elements of the first-degree sodomy and coercion offenses and not whether the sexual act was voluntary on the victim's part. Therefore, youth asked the court not to "permit the amendment." At no point during the jurisdictional hearing did youth request findings or object to the lack of findings after the juvenile court stated that it would allow amendment of the petition to include the second-degree sexual abuse allegation. Likewise, in youth's later motion to dismiss, youth argued that the juvenile court lacked authority to determine that youth was within the court's jurisdiction because it had not made the written findings required by ORS 419C.261(1). In neither case did youth request findings.

However, we have cases concluding that a request for written findings is unnecessary to preserve a challenge on appeal with regard to another provision in the juvenile delinquency code, ORS 419C.478(1). In *State ex rel Juv. Dept. v. C. N. W.*, 212 Or App 551, 552, 159 P3d 333 (2007), the youth argued on appeal that the juvenile court did not follow the mandate of ORS 419C.478(1), which requires the juvenile court to "include written findings describing why it is in the best interests of the youth offender to be placed with the youth authority or the department" in the dispositional order if the court places youth in the legal custody of the Oregon Youth Authority (OYA). ORS 419C.478(1). The state argued in *C. N. W.* that the juvenile court had not erred in failing to make findings, because the youth never requested findings, the evidence supported placement with OYA, and the youth had failed to provide a legal basis supporting his

position that the placement order was invalid. *Id.* at 552. We rejected the state's arguments, explaining that the

> "statutory mandate is unambiguous: the court 'shall include written findings.' It does not require a request, nor does it state that findings are not necessary when evidence supports the disposition. We therefore remand this case to the juvenile court with instructions to include such written findings as it deems appropriate."

*Id.*; *see also, e.g.*, *State v. J. R. C.*, 289 Or App 848, 850, 412 P3d 1201 (2018) (citing *C. N. W.*, vacating and remanding judgment placing youth with OYA for the juvenile court to make findings required by ORS 419C.478(1)); *State ex rel Juv. Dept. v. K. M.-R.*, 213 Or App 275, 276, 160 P3d 994 (2007) (citing *C. N. W.*, same).

In other instances, we have held that the failure to request mandatory written findings under ORS 419C.478(1) is subject to plain-error review. In *State ex rel Juv. Dept. v. J. J.*, 228 Or App 746, 747, 208 P3d 1054 (2009), the state acknowledged *C. N. W.* and *K. M.-R.* when it asserted that the youth's challenge that the juvenile court had failed to make the written findings required by ORS 419C.478(1) was unpreserved and unreviewable, but argued that those cases were inconsistent with *Bucholz*. We resolved the posited tension between *C. N. W.* and *Bucholz* by stating that *Bucholz* "did not hold that a failure to make statutorily required findings can never be reviewed as plain error." *J. J.*, 228 Or App at 747. Consequently, because the facts in *J. J.* were indistinguishable from those in *K. M.-R.* and *C. N. W.* and the juvenile courts' failures to make written findings in those cases amounted to plain error, we concluded that the juvenile court's error was plain and exercised our discretion to correct it. 228 Or App at 747. Like the disposition in *C. N. W.*, we vacated and remanded the judgment with instructions to the juvenile court to make written findings. *Id.*

Returning to this appeal, youth relies on *C. N. W.* to argue that it was legal error for the juvenile court to amend the petition without making the written findings required by ORS 419C.261(1), a statute that youth posits is analogous to ORS 419C.478(1). There are some complications with

youth's argument, however. First, we do not understand youth to rely on *C. N. W.* for the proposition that a request for findings is unnecessary to preserve an argument that the juvenile court erred in failing to make the required findings. Nor does youth rely on *C. N. W.* to argue that we should review as plain error the juvenile court's failure to make written findings.[5] Rather, youth, asserts that his argument *is* preserved, and he relies on *C. N. W.* to argue that the court lacked the legal authority to amend the petition and determine youth to be within its jurisdiction because it failed to make the requisite written findings. Youth argues that, therefore, we should reverse the juvenile court's judgment determining youth to be within its jurisdiction for the second-degree sexual abuse allegation. That is the same argument youth made below in his motion to dismiss. That motion did not ask the court to make written findings. In *C. N. W.*, and its related cases, we *vacated* the judgments so that the juvenile court could, on remand, make written findings to satisfy ORS 419C.478(1). We did not hold in those cases that the order to place the youth with the OYA was unauthorized and thus error. Rather, we concluded that the error was the lack of written findings, and we corrected it with a limited disposition tailored to remedy that error. Youth's assignment of error, on the other hand, asks for much more: *reversal* of the judgment on the basis that the juvenile court's jurisdictional determination was unauthorized.

Because youth does not ask for findings, or otherwise suggest that the lack of findings is the core deficiency of the juvenile court's ruling, the problem with youth's claim of error is not one of preservation. Instead, given that *C. N. W.* does not stand for the proposition that a failure to make written findings when a statute requires the juvenile court to do that deprives the court of legal authority to act, youth has not provided a legal basis for his argument that failure to comply with the mandate in ORS 419C.261(1) to make written findings when the juvenile court amended the

---

[5] Generally, we will not undertake plain-error analysis if that analysis is not requested. *See, e.g.*, *State v. R. W. G.*, 288 Or App 238, 242, 404 P3d 1131 (2017) (because youth did "not attempt to overcome the lack of preservation by arguing that his claim of error establishes that the juvenile court plainly erred when it found youth within the court's jurisdiction," we did not review youth's asserted error as plain error).

petition to include an allegation of a sexual offense deprived the court of its authority to amend the petition and assert jurisdiction over youth. Consequently, defendant's argument is not sufficiently developed to allow us to address it. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not "our proper function to make or develop a party's argument when that party has not endeavored to do so itself"). We decline to do that here.

As for youth's federal due process argument, we reject it. Youth asserts that his procedural due process rights were violated because he was not provided adequate notice of the allegations against him when the state sought to amend the petition the morning of trial. Acknowledging that he asked the court not to postpone the hearing to remedy the late notice ("We're not asking for a postponement. We are asking to proceed today."), youth nevertheless contends that, in "order to remedy the issue of notice, the court after directing that the petition be amended, was required to offer youth another opportunity to request a continuance before proceeding." We readily conclude that youth's due process right to adequate notice did not require the trial court to ask youth if he wanted a continuance after youth had expressly stated that he did not want the hearing postponed.

## RESTITUTION

We turn to youth's assertion that the juvenile court lacked the authority to order him to pay $6,900 in restitution because the district attorney failed to meet the requirements of ORS 419C.450, which provides, in part:

"(1)(a)   It is the policy of the State of Oregon to encourage and promote the payment of restitution and other obligations by youth offenders as well as by adult offenders. In any case within the jurisdiction of the juvenile court pursuant to ORS 419C.005 in which the youth offender caused another person any physical, emotional or psychological injury or any loss of or damage to property, the victim has the right to receive prompt restitution. The district attorney shall investigate and present to the court, *prior to or at the time of adjudication*, evidence of the nature and amount of the injury, loss or damage."

(Emphasis added.) Youth argues on appeal that the juvenile delinquency code has two distinct "phases": an adjudicatory phase, in which the juvenile court decides whether the alleged conduct warrants the court's jurisdiction, and a dispositional phase, in which the juvenile court decides how to treat youth. *See State v. Stewart/Billings*, 321 Or 1, 13 n 3, 892 P2d 1013 (1995) (so stating). In youth's view, when the juvenile court determined at the conclusion of the adjudicatory hearing that youth was within its jurisdiction, the adjudication had occurred. Stated another way, youth argues that the state was required to present restitution evidence some time during the two-day hearing in which the state made its case to prove the second-degree sexual abuse allegation.

The state responds that, although the process of adjudication involves the juvenile court's determination as to whether a youth's conduct warrants the court's jurisdiction, it does not necessarily end at the close of a hearing in which the court makes a jurisdictional determination. In the state's view, the juvenile court was correct that adjudication for the purpose of seeking restitution under ORS 419C.450 continued until the court entered its jurisdictional judgment, not at the close of the adjudicatory hearing. According to the state, the "adjudication" of youth includes the initial jurisdictional determination, which occurred at the close of the adjudicatory hearing, and the entry of the adjudication judgment. That judgment, and not the order, is appealable, *see* ORS 419A.205(1)(a) (a "judgment finding a *** youth to be within the jurisdiction of the court" is an appealable judgment), and, according to the state, the process of adjudication continued until the juvenile court entered its judgment. Further, the state asserts, "it would be passing strange to require the state to present evidence as to the nature and amount of damages that the victim suffered before it is even apparent which of the acts alleged in the petition, if any, will warrant juvenile court jurisdiction."

The parties thus ask us to decide whether the district attorney was required to present restitution evidence before or at the time the juvenile court made its jurisdictional determination or could wait until the court entered the adjudication judgment. That question requires statutory

construction to discern the legislature's intentions, for which we use the familiar principles set out in *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009) (we examine the statutory text, context, and any pertinent legislative history), and for which we review for legal error, *State v. Lobo*, 261 Or App 741, 751, 322 P3d 573, *rev den*, 355 Or 880 (2014).

Although "adjudication" is not defined in the juvenile delinquency code, neither party suggests that we should look to the ordinary meaning of the word to discern the legislature's intentions. *See State v. Corcilius*, 294 Or App 20, 23, 430 P3d 169 (2018) ("When a case involves terms that are not statutorily defined, we typically resort to dictionary definitions to discern their meaning. Further, as a general rule, we give words of common usage their plain, natural, and ordinary meaning, and the ordinary meaning of a word is presumed to be what is reflected in a dictionary." (Citations and internal quotation marks omitted.)). That is understandable because the dictionary definitions in this case are not particularly helpful. "'Adjudication' is defined as 'a determination, decision, or sentence, esp. without imputation of guilt (as a decree in bankruptcy or the disposition of a juvenile delinquent).'" *State v. S.-Q. K.*, 292 Or App 836, 840, 426 P3d 659, *adh'd to as modified on recons*, 294 Or App 184, 426 P3d 258, *rev den*, 364 Or 209 (2018) (quoting *Webster's Third New Int'l Dictionary* 27 (unabridged ed 2002)). Moreover, "the ordinary meaning of 'adjudicate' is 'to come to a judicial decision,' *id*. (quoting *Webster's* at 27), and, slightly more helpful, '[t]o rule on judicially,' *Black's Law Dictionary* 50 (10th ed 2014)." *S.-Q. K.*, 292 Or App at 840. The meaning of adjudication—to come to a judicial decision "without imputation of guilt"—can apply equally to the judicial decision to take jurisdiction over youth or, if jurisdiction is taken, the judicial decision as to the disposition of youth in the form of a judgment.

Nor is the legislative history helpful. In 2003, the legislature amended ORS 137.106 (an analog to ORS 419C.450 that sets out a restitution process for criminal proceedings) and ORS 419C.450 to make the imposition of restitution mandatory rather than discretionary. *See* Or Laws 2003, ch 670, § 4; *State v. Ramos*, 358 Or 581, 590, 368 P3d 446

(2016). Our review of the legislative history reveals little else than discussions of that aim. There is no discussion by legislators or representatives in the work group that drafted the changes to ORS 419C.450 concerning the meaning intended by the phrase "prior to or at the time of adjudication." *See, e.g.*, Exhibit K, Senate Committee on Judiciary, SB 617, Mar 25, 2003 (Connie Gallagher, Oregon Department of Justice representative, explaining that the work group sought to rebalance restitution in favor of victims' rights).

We turn then to context, which is more helpful. As youth points out, the juvenile delinquency code includes many instances indicating that the purpose of the adjudicatory hearing is to determine whether to take jurisdiction, and that a jurisdictional determination is an "adjudication" that is distinct from a "disposition." For example,

- "[T]he purposes of the Oregon juvenile justice system from apprehension forward are to protect the public and reduce juvenile delinquency and to provide fair and impartial procedures for the initiation, *adjudication and disposition* of allegations of delinquent conduct." ORS 419C.001

- "*If jurisdiction is based on a previous adjudication*, then dismissal or waiver of a later case does not terminate jurisdiction under the previous case unless the court so orders." ORS 419C.005(4)(a).

- The juvenile delinquency code allows appearances in a proceeding by telephone or closed-circuit television except if the "proceeding is a contested *adjudication*" *or* "the proceeding is a contested *dispositional hearing*." ORS 419C.025(2)(a), (c).

- "A court *** may transfer a proceeding to the court of the county where a youth resides if *** [t]he youth *has been adjudicated to be within the jurisdiction of the court under ORS 419C.005(1)*, and other proceedings involving the youth are pending in the county of the youth's residence." ORS 419C.053(1)(c).

- "When a case is transferred to the juvenile court under ORS 137.707, the juvenile court shall *enter an order finding the youth within the jurisdiction of the court under*

> *ORS 419C.005* based on the verdict in the criminal court. *The juvenile court's order has the same effect as an adjudication under ORS 419C.400.*" ORS 419C.067.

(Emphases added.) Those provisions, all of which existed at the time that the legislature enacted Oregon Laws 2003, chapter 670, section 4, manifestly show that (1) "adjudication" and "disposition" of the allegations are distinct phases of delinquency proceedings and (2) "adjudication" is a determination by a juvenile court that a youth is within its jurisdiction.

Indeed, that is how appellate courts have described delinquency proceedings. In *State v. Barrett*, 350 Or 390, 401-02, 255 P3d 472 (2011), the Supreme Court described juvenile delinquency proceedings as having

> "two stages that are roughly comparable to conviction and sentencing in adult criminal cases. The first is the juvenile court's determination that the youth committed an act that would be a crime if committed by an adult. That determination is termed an 'adjudication,' and it is analogous to an adult conviction. *See* ORS 419C.005(1) (jurisdiction of juvenile court extends to cases involving any juvenile who 'has committed an act that is a violation, or that if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city'); ORS 419C.400(5) ('An adjudication by a juvenile court that a youth is within its jurisdiction is not a conviction of a crime or offense.'). The second is the juvenile court's determination of the proper consequences that should follow from the adjudication. That determination is called the 'disposition,' and it is analogous to an adult sentencing. *See* ORS 419C.411 (setting out contents of disposition order); ORS 419C.501 (permissible durations for various types of dispositions)."

*See also, e.g.*, *S.-Q. K.*, 292 Or App at 837 (youth "was adjudicated delinquent for conduct that, if committed by an adult, would constitute interfering with a police officer \*\*\* and resisting arrest," and the court placed the youth on probation); *State ex rel Juv. Dept. v. Tyree*, 177 Or App 187, 189, 33 P3d 729 (2001) ("The state appeals a juvenile court order setting aside an earlier judgment finding youth to be within the court's jurisdiction for acts, which, if committed by an adult, would have constituted first-degree rape, ORS

163.375. Along with that adjudication, the judgment also included dispositional provisions.").

Further, the code contemplates that a jurisdictional determination can be achieved by the juvenile court's *order*. Although ORS 419C.400, the provision generally concerning adjudication determinations, does not indicate whether a jurisdictional determination is to be made by "order" or "judgment," other statutes in the delinquency code provide that juvenile court adjudications can be made by order. ORS 419C.411(1) states that "[a]t the termination of the hearing or hearings in the proceedings or after entry of an order under ORS 419C.067, the court shall enter an appropriate order directing the disposition to be made in the case." ORS 419C.067 provides that "[w]hen a case is transferred to the juvenile court ***, the juvenile court shall enter an order finding the youth within the jurisdiction of the court under ORS 419C.005 ***."

Indeed, when the legislature amended ORS 419C.450 to include the text at issue here, Or Laws 2003, ch 670, § 4, we had stated that, "[b]y statute, juvenile court adjudications and dispositions of youth offenders are made by orders." *Tyree*, 177 Or App at 191 (citing ORS 419C.067 and ORS 419C.411). In *Tyree*, the state appealed a juvenile court's order under ORS 419C.610 ("When the court modifies or sets aside an order of jurisdiction based on" a jurisdictional determination, the "court shall make written findings stating the reason for modifying or setting aside the order."), which set aside an earlier judgment that found the youth to be within its jurisdiction. The state argued that the adjudication was in the form of a judgment, and the juvenile court was authorized to set aside only orders under ORS 419C.610. 177 Or App at 189-90. We said that, even "though the writing memorializing youth's adjudication and disposition is labeled 'judgment,' that label does not control if it is incorrect." *Id*. at 191-92. Consequently, because the juvenile court's judgment was effectively an order, we affirmed the juvenile court's order setting aside the judgment. *Id*. at 192. We also said that, "in juvenile cases, final orders such as delinquency adjudications and dispositions are appealable notwithstanding that they are orders rather than judgments." *Id*. at 192 n 4.

    With all that said, we can initially conclude that, when the legislature enacted the law amending ORS 419C.450, it likely understood "adjudication" as the determination in which a juvenile court takes jurisdiction over a youth based on the state's allegations of delinquent conduct, that the determination can be put into effect by order, and that when that happens, there has been an "adjudication" of the youth. In this case, that is what the juvenile court did. The court held a two-day hearing to address the allegations in the state's petition and ruled from the bench that youth was within its jurisdiction, a determination that was memorialized by a signed minute order. Because ORS 419C.450(1) requires the district attorney to "investigate and present to the court, prior to or at the time of adjudication," restitution evidence, youth is correct that the adjudication of youth was completed at the conclusion of the adjudicatory hearing, and it was too late for the district attorney to present restitution evidence to the court at the dispositional hearing.

    The state contests that understanding of ORS 419C.450 on the basis that, because only a judgment of adjudication is appealable, ORS 419A.205(1),[6] an adjudication without a judgment is incomplete, which therefore permits a district attorney to present his or her restitution evidence until an adjudication is made in the form of a judgment. In this case, given ORS 419A.205 and ORS 419A.200,[7] the Appellate Commissioner rejected youth's notice of appeal of

───────────

    [6] ORS 419A.205(1) provides:

    "For the purpose of being appealed, the following are judgments:

    "(a) A judgment finding a child or youth to be within the jurisdiction of the court;

    "(b) A judgment disposing of a petition including, but not limited to, a disposition under ORS 419B.325 or 419C.411;

    "(c) Any final disposition of a petition; and

    "(d) A final order adversely affecting the rights or duties of a party and made in a proceeding after judgment including, but not limited to, a final order under ORS 419B.449 or 419B.476."

    [7] ORS 419A.200(1) provides:

    "Except as provided in ORS 419A.190, any person or entity, including, but not limited to, a party to a juvenile court proceeding under ORS 419B.875 (1) or 419C.285 (1), whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom. An appeal from a circuit court must be taken to the Court of Appeals, and an appeal from a county court must be taken to the circuit court."

the court's minute order on the basis that youth's appeal had to be taken from a judgment, and gave leave to the juvenile court to enter a judgment memorializing the decisions identified in the minute order, which it did. In the state's view, the order of adjudication was an intermediate step of adjudication, and the district attorney was permitted under ORS 419C.450(1) to present restitution evidence at the dispositional hearing.

In addressing the state's argument about the effect of ORS 419A.205(1) on the meaning of "prior to or at the time of adjudication" in ORS 419C.450(1), we reiterate that our task of statutory construction here is to discern the legislature's intention in enacting the amendment to ORS 419C.450, which occurred in 2003. Or Laws 2003, ch 670, § 4. ORS 419A.205(1) was also amended that year to insert "youth" into subsection (a), which applied ORS 419A.205 (1)(a) to delinquency proceedings. Or Laws 2003, ch 396, § 29.[8] There is no cross-reference between the two statutes, so the state's argument presupposes that the drafters of the amendment to ORS 419C.450 anticipated that ORS 419A.205(1)(a) would be expanded to include delinquency proceedings, or, during that legislative session, legislators were making the connection between the amendments to ORS 419A.205 and ORS 419C.450.[9]

Even if the legislature had that level of awareness, just because an adjudication of a youth by order is incomplete as to its *appealability*, it does not necessarily follow that, when the legislature amended ORS 419C.450, it intended the word "adjudication" to extend the end point of a juvenile court's jurisdictional determination to when the determination becomes appealable. At the time of the 2003 amendment, a delinquency adjudication order was appealable and

---

[8] Before the amendment, ORS 419A.205(1) (2001), *amended by* Or Laws 2003, ch 396, § 29, provided that for "the purpose of being appealed *** [a judgment is a] judgment finding a child to be within the jurisdiction of the court."

[9] In *Salahub v. Montgomery Ward*, 41 Or App 775, 784-85, 599 P2d 1210, *rev den*, 288 Or 249 (1979) (citing ORS 174.010), the court noted the rule that statutes of the same subject-matter passed during the same legislative session must be construed together "so that each may remain intact, in the absence of irreconcilable conflict." The state does not argue that youth's construction of the ORS 419C.450 is irreconcilable with ORS 419A.205.

understood as a final order. *See Tyree*, 177 Or App at 191-92. The amendment of ORS 419A.205 changed what is required for an appeal, but there is no indication that the amendment to ORS 419A.205 in the same legislative session informed the legislature's choices concerning the amendment of ORS 419C.450. Because the delinquency code had an established meaning for the word "adjudication" when ORS 419C.450 was amended, *viz.*, adjudication is a determination of jurisdiction over a youth based on a finding of delinquency, it is much more likely that the legislature would have understood "adjudication" to have that meaning, rather than an understanding that "adjudication" was completed with a judgment for the purpose of appealing a juvenile court's jurisdictional determination.

As for the state's policy argument that it is potentially problematic for a district attorney to present restitution evidence before the juvenile court has determined on which allegation or allegations, if any, it will take jurisdiction over a youth, we disagree with its premise. ORS 419C.450 requires the district attorney to present restitution evidence to the court "prior to or at the time of adjudication." That means that the district attorney could have presented restitution evidence in this case before the court signed and entered the minute order that concluded the adjudicatory phase of the proceeding. Although the district attorney had to be prepared to present restitution evidence without knowing the grounds on which the court would assume jurisdiction over youth, the district attorney knew before the hearing concluded the ground on which the court had found youth to be within its jurisdiction and had the opportunity to submit the required restitution evidence before the adjudicatory hearing concluded.

In any event, the circumstances of this case belie the policy concern raised by the state: All of the state's allegations were related to the same incident, and the restitution evidence—therapy to treat the victim's traumatic experience—was common to all of the allegations. The state has not provided a reason why the district attorney could not have conducted the investigation and presentation of the restitution evidence by the time that the juvenile court adjudicated youth.

## CONCLUSION

In sum, we reject youth's assignment of error regarding the juvenile court's failure to make written findings to support is decision to amend the petition but agree with youth that the prosecutor's presentation of restitution evidence at youth's disposition hearing was not made "prior to or at the time of adjudication," as required by ORS 419C.450.

Restitution award reversed; remanded for new dispositional judgment; otherwise affirmed.