Submitted March 30, vacated and remanded May 12, 2021

In the Matter of M. W. L.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

M. W. L.,
*Appellant.*

Columbia County Circuit Court
19JU06240; A172872

487 P3d 67

Cathleen B. Callahan, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Vacated and remanded.

**PER CURIAM**

In this juvenile delinquency proceeding, youth seeks reversal of the juvenile court's order committing him to the custody of the Oregon Youth Authority (OYA). Youth admitted to engaging in acts that, if he were an adult, would constitute first-degree criminal mischief and disorderly conduct. The juvenile court accepted youth's admissions and committed him to OYA for a period not to exceed five years. On appeal, youth asserts two assignments of error. In the first, youth argues that the court plainly erred when it committed youth based on findings that are not supported by sworn testimony or evidence submitted into the record. We reject that plain error argument without further discussion. *See State v. J. R. C.*, 289 Or App 848, 849-50, 412 P3d 1201 (2018) (rejecting same arguments in a plain error posture).

In a second assignment of error, youth argues that the juvenile court erred when it failed to make written findings in the order to support its conclusion that "[i]t is in the best interest and welfare of the youth that he be placed in the legal custody of the Oregon Youth Authority[.]" The state concedes that the juvenile court erred by omitting written findings explaining why commitment was in youth's best interest. We agree with and accept the state's concession.

Under ORS 419C.478(1), a juvenile court may commit a youth into the custody of OYA. That statute requires that, "[i]n any order issued under this section, the court shall include written findings describing why it is in the best interests of the youth offender to be placed with the youth authority." That statutory mandate is unambiguous and does not require a request by a party to include written findings, and written findings are required even if there is evidence to support the juvenile court's order. *State ex rel Juv. Dept. v. C. N. W.*, 212 Or App 551, 552, 159 P3d 333 (2007). Accordingly, the juvenile court erred in failing to make the required written findings, and we vacate and remand "for the court to make such written findings as it deems appropriate to satisfy the statute's requirements." *J. R. C.*, 289 Or App at 850.

Vacated and remanded.