No. 548 August 7, 2024 255

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. C. R., fka B. B. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. M. R.,
*Appellant.*

Klamath County Circuit Court
23JU00271; A183142

Stephen R. Hedlund, Judge.

Argued and submitted June 14, 2024.

Kyle Sessions, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Kyleigh M. Gray, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General.

Before Mooney, Presiding Judge, Pagán, Judge, and Hadlock, Senior Judge.

MOONEY, P. J.

Affirmed.

**MOONEY, J.**

In this juvenile dependency case, mother appeals a judgment that changed the permanency plan for her 10-month-old child, R, from reunification to adoption. She assigns error to the juvenile court's ruling that she had made insufficient progress for R to return to her care and to its decision to change the plan away from reunification. As to both assignments, mother argues more particularly that the juvenile court improperly shifted the burden to her to prove that she had made sufficient progress when it held a hearing on the Department of Human Services' (DHS) motion to change the permanency plan from reunification to adoption. Mother objected generally to a change in the permanency plan, but, as she acknowledges, she did not specifically argue below that the trial court improperly shifted the burden of proof onto her, and we thus conclude that she failed to preserve her burden-shifting argument. She nevertheless seeks plain error review. We affirm.

It would be of no service to the bench, bar, or the public to recite the facts of this case. Suffice it to say that R was placed in substitute care shortly after he was born prematurely, addicted to the fentanyl that mother had used daily while pregnant with him, and after she left the hospital without R. Jurisdiction was established and mother was offered services that she neither attempted nor completed. The juvenile court heard testimony and received evidence at the permanency hearing in question, and after closing arguments, it ruled from the bench indicating its decision to change the plan away from reunification. It also engaged mother in a discussion and challenged her to "prove" that she could care for R. The written permanency judgment was prepared and recorded in due course.

Mother asks us to review her claims of error as plain. To be "plain," an error must (1) be one of law, (2) be obvious, and (3) appear on the record. ORAP 5.45(1); *Dept. of Human Services v. H. F. E.*, 288 Or App 609, 611, 410 P3d 1108 (2017). While the law is clear that DHS had the burden of proof on its motion to change the permanency plan, it is not at all obvious that the juvenile court improperly shifted that burden to mother. Indeed, the colloquy on which mother

relies occurred after the court indicated that it would be changing the plan away from reunification and in the context of advising mother, correctly, that with that change in plan, it would be her burden moving forward to establish her parental progress should she seek to change the plan back to reunification or to dismiss jurisdiction. *See, e.g., Dept. of Human Services v. T. L.*, 279 Or App 673, 677, 379 P3d 741 (2016) ("If the permanency plan for a child is something other than reunification, a parent seeking dismissal of dependency jurisdiction on the ground that the jurisdictional bases no longer endanger the child bears the burden of proving that the bases for juvenile court jurisdiction no longer endanger the child[.] *** [A] permanency plan other than return to parent gives rise to a presumption that the child cannot return safely home. *** [A] parent seeking dismissal of dependency jurisdiction must overcome that presumption by proving that the parent has ameliorated the jurisdictional bases to the degree that they no longer pose a threat to the child that is reasonably likely to be realized."). We decline to review mother's unpreserved claims because the trial court did not plainly err.

Affirmed.