350 June 26, 2024 No. 419

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

E. S.,
*Appellant.*

Washington County Circuit Court
19JU04097; A180484 (Control), A180485

Michele C. Rini, Judge.

Argued and submitted May 15, 2024.

Ginger Fitch argued the cause for appellant. Also on the brief was Youth Rights & Justice.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

AOYAGI, P. J.

Vacated and remanded for findings under ORS 419C.478(1); otherwise affirmed.

**AOYAGI, P. J.**

Youth appeals judgments revoking youth's probation and committing youth to the Oregon Youth Authority (OYA) for placement in a youth correctional facility. Youth raises two assignments of error on appeal. First, youth argues that the juvenile court erred by denying youth's request to set over the disposition. Second, youth argues that the juvenile court failed to make written findings as required by ORS 419C.478(1) describing why it is in youth's best interests to be placed with OYA. We reject the first assignment of error, because we agree with the state that it was not an abuse of discretion to deny the setover request. However, as explained below, as to the second assignment of error, we agree with youth that the written findings do not satisfy ORS 419C.478(1) and, accordingly, remand on that basis.

ORS 419C.478(1) authorizes the juvenile court to "place an adjudicated youth who is at least 12 years of age in the legal custody of [OYA] for care, placement and supervision" but requires that, as part of any order doing so, the court "shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with [OYA]." We recently addressed that statutory requirement in *State v. D. B. O.*, 325 Or App 746, 529 P3d 1004 (2023), an opinion issued after the juvenile court entered the judgments in this case. We reiterated in *D. B. O.* that the written findings required by ORS 419C.478(1) "are necessary even when evidence supports the juvenile court's disposition" and that failure to make the required written findings is legal error. *Id*. at 748. "Regardless of community safety or other practical considerations leading to the youth's commitment, such as a probation violation, the mandate explicitly requires the findings to describe *why* it is in the *youth's* 'best interests' to be committed to OYA." *Id*. (emphases in original). "[T]he legislature imposed the findings requirement to ensure that the juvenile court takes time to consider the positive and negative impacts a decision may have on the adjudicated youth." *Id*. at 750.

In *D. B. O.*, the juvenile court committed an adjudicated youth to OYA custody, making a written finding that the youth "cannot be maintained in the community." *Id*. at

747. We held that that finding did not satisfy ORS 419C.478(1), because it failed to explain why OYA placement was in the youth's best interests. *Id.* at 749. "While it could perhaps lead to an explanation, 'it is not an explanation itself' concerning what is best for youth." *Id.* at 749-50 (quoting *State v. S. D. M.*, 318 Or App 418, 421, 506 P3d 1190 (2022)). Essentially, the finding was "too ambiguous." *Id.* at 750. It could refer to a general lack of community placement options, or to the specific lack of a community placement option from which the court could be confident that the youth would not run away, either of which would explain why OYA placement was desirable as an "administrative" matter but not why it was the "most likely to lead to a positive outcome for" the youth. *Id.* (internal quotation marks omitted). Alternatively, the finding could refer to the youth having specific needs that could be met only in OYA custody, which would make the placement not only administratively desirable but also necessary for the youth's needs to be met. *Id.* Given the ambiguity, we vacated and remanded for further written findings under ORS 419C.478(1).

Here, the juvenile court made the following written findings regarding why it was in youth's best interests to be placed with OYA:

> 3) It is in the best interest and welfare of the youth that he/she be placed in the legal custody of the Oregon Youth Authority [ORS419C.478(1)] because *DEL, Harkins House, EM, Psych Eval, 50 Tx, D&A use, mental health issues, multiple AZ discharge summary, relates ongoing + annoying thinking errors.*

We observe that a form containing a single line for best-interests findings is not well suited to making thoughtful written findings. In any event, here, in the space provided, the court made a list in abbreviated language that is not entirely legible. The state has helpfully offered a transcription of the handwriting and abbreviations, to which youth has taken no exception. Ultimately, we understand the court to have made the following written findings as to why it is in youth's best interest to be placed with OYA:

- DEL[1]
- Harkins House

---

[1] Neither party has explained the "DEL" abbreviation. It may refer to the Donald E. Long juvenile detention facility in Portland, although we have found nothing in the trial court record to confirm whether that is correct.

- Electronic monitoring
- Psychological evaluation
- Sex offender treatment
- Drug and alcohol use
- Mental health issues
- Multiple probation violations
- Discharge summary indicates ongoing and concerning thinking errors

Youth argues that those written findings do not satisfy ORS 419C.478(1), because there is no explanation creating a nexus between (1) the list of services and youth's issues, and (2) how it would benefit youth to be placed with OYA rather than remaining with family. The state counters that the written findings are sufficient because they describe "the services youth had participated in and set out youth's ongoing issues despite those services—including drug and alcohol use and multiple [probation] violations—and thus why OYA placement would best serve youth." The state contrasts these written findings against those in *S. D. M.*, in which the juvenile court found a youth in violation of probation, committed him to OYA, and wrote in the best-interests portion of the commitment judgment only that the "youth violated the requirements of probation; he did not follow the rules of sex offender treatment." 318 Or App at 419-20. We held in *S. D. M.* that that did not satisfy ORS 419C.478(1), explaining, "Something more is needed to describe why it is in a youth's best interests to be committed to OYA's custody other than the mere fact of a probation violation." *Id.* at 421.

We agree with youth that the written findings in this case do not satisfy the requirement in ORS 419C.478(1). The state is correct that the written findings here are different from those in *S. D. M.*, in that they go beyond the mere fact of a probation violation. However, they are ambiguous in a manner similar to the written finding in *D. B. O.*, despite being more detailed than the finding in *D. B. O.* They appear to catalogue reasons that youth has proved difficult to maintain in the community—listing services that youth has received and issues that youth has continued to

have—rather than describing why it is in *youth's best interests* to be placed with OYA, thus essentially reducing to the same type of finding as in *D. B. O.*, 325 Or App at 749, where the court found that the youth "cannot be maintained in the community."

Under ORS 419C.478(1) and our case law construing it, the juvenile court must direct its written findings to the specific issue of why it is in a youth's best interests to be placed with OYA. Findings that are ambiguous as to whether they are directed to the youth's best interests—versus being directed to what is in the best interests of the community, what is in the best interests of other individuals, what is administratively convenient, what is a justifiable punishment for a probation violation, or the like—will not survive appellate review and will result in remand for additional findings. Accordingly, we vacate and remand for additional findings under ORS 419C.478(1).

Vacated and remanded for findings under ORS 419C.478(1); otherwise affirmed.