536 October 16, 2024 No. 740

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. R. H.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

A. R. H.,
*Appellant.*

Washington County Circuit Court
22JU02227; A180705 (Control), A180706

Thomas A. Goldman, Judge pro tempore.

Submitted September 24, 2024.

Erica Hayne Friedman and Youth, Rights & Justice filed
the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Patricia G. Rincon, Assistant Attorney
General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce,
Judge.

PER CURIAM

Vacated and remanded for findings under ORS
419C.478(1); otherwise affirmed.

**PER CURIAM**

The juvenile court revoked youth's probation and placed him in the legal custody of the Oregon Youth Authority (OYA), with a recommendation that he be placed in an OYA program other than a correctional facility. In its judgment, the court made written findings that OYA custody is in youth's best interests because "[d]rug issues, school issues, 6 times on EM/HD, multiple stints in DEL, HH failure, discharged from TX, FAA failure, multiple violations while case pending, [and] cont[inued] violations after jurisdiction."[1] On appeal, in his sole assignment of error, youth argues that those written findings are inadequate under ORS 419C.478(1), which requires "written findings describing why it is in the best interests of the adjudicated youth to be placed with" OYA. The state responds that the written findings are legally sufficient.

This case is very similar to *State v. E. S.*, 333 Or App 350, 552 P3d 754 (2024), which was decided after the parties filed their briefs. In *E. S.*, the juvenile court revoked a youth's probation and committed the youth to OYA custody, making written findings that OYA custody was in the youth's best interests because "DEL, Harkins House, Electronic monitoring, Psychological evaluation, Sex offender treatment, Drug and alcohol use, Mental health issues, Multiple probation violations, [and] Discharge summary indicates ongoing and concerning thinking errors." *Id*. at 352-53. On appeal, we agreed with the youth that those findings did not satisfy ORS 419C.478(1). *Id*. at 353. They "appear[ed] to catalogue reasons that youth has proved difficult to maintain in the community—listing services that youth has received and issues that youth has continued to have—rather than describing why it is in *youth's best interests* to be placed with OYA." *Id*. at 353-54 (emphasis in original). They were essentially a more detailed version of the "cannot be maintained in the community" finding that we found insufficient in *State v. D. B. O.*, 325 Or App 746, 749, 529 P3d 1004 (2023). *E. S.*, 333 Or App at 354.

---

[1] We understand "EM/HD" to mean electronic monitor home detention, "HH" to mean Harkins House, and "FAA" to mean formal accountability agreement.

The written findings in this case similarly fail to satisfy ORS 419C.478(1). As we explained in *E. S.*:

"Under ORS 419C.478(1) and our case law construing it, the juvenile court must direct its written findings to the specific issue of why it is in a youth's best interests to be placed with OYA. Findings that are ambiguous as to whether they are directed to the youth's best interests— versus being directed to what is in the best interests of the community, what is in the best interests of other individuals, what is administratively convenient, what is a justifiable punishment for a probation violation, or the like—will not survive appellate review and will result in remand for additional findings."

*Id*. We therefore vacate and remand for additional written findings.

Vacated and remanded for findings under ORS 419C.478(1); otherwise affirmed.