Submitted January 26; vacated in part and remanded for written findings under ORS 419C.478(1), otherwise affirmed March 16, 2022

In the Matter of S. D. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

S. D. M.,
*Appellant.*

Crook County Circuit Court
18JU04108; A174075

506 P3d 1190

Annette C. Hillman, Judge.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for Appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Vacated in part and remanded for written findings under ORS 419C.478(1); otherwise affirmed.

**PER CURIAM**

Youth appeals from a delinquency probation disposition judgment. That judgment provides that youth violated his probation, extends the probation, commits youth to the custody of the Oregon Youth Authority (OYA), and directs youth to enter and successfully participate in a residential program through OYA. Youth raises two assignments of error. In his first, he contends that the juvenile court erred in concluding that youth violated his probation because, in youth's view, there was insufficient evidence that he willfully failed to comply with his probation requirements. In his second, he contends that the juvenile court erred in failing to include written findings pursuant to ORS 419C.478(1)[1] that describe why it was in youth's best interests to be committed to OYA. We reject youth's first assignment of error without written discussion. However, we agree with youth's second assignment of error, because the juvenile court failed to include the written findings required by ORS 419C.478(1). As a result, we vacate and remand so that the juvenile court may issue written findings on whether it is in youth's best interests to be placed in the custody of OYA.

A full recitation of the facts is not necessary to understand the narrow issue that we address on appeal. Youth was found within the jurisdiction of the court for an act which, if committed by an adult, would constitute the crime of first-degree sodomy. Youth committed the act just before he turned 12 years old. The victim was another child. Youth was initially placed on probation for 24 months. Youth was also ordered to "enter and successfully complete sex-offender treatment with [the] J Bar J" program and "to follow all rules of the program."

The state later moved for an order to show cause why youth's probation should not be revoked because youth had not successfully completed the J Bar J program and had failed to follow its rules. After hearing the evidence, the juvenile court extended youth's probationary period and committed youth to the custody of OYA in a noncorrectional

---

[1] ORS 419C.478(1) was amended after the relevant events in this case. *See* Or Laws 2021, ch 489, § 2. However, those amendments do not affect our analysis and we cite to the current version throughout this opinion.

facility. The order committing youth included a preprinted form that provided a space for the court to describe why it was in youth's best interests to be committed to the legal custody of OYA. In that space, the court wrote that "youth violated the requirements of probation; he did not follow the rules of sex offender treatment." Youth assigns error to the trial court's failure to provide sufficient written findings under ORS 419C.478(1) describing why it was in youth's best interests to be committed to the custody of OYA.

Youth did not raise this issue with the court during the hearing. However, the state concedes, and we agree, that youth is excused from preservation requirements under these circumstances. The written order that youth objects to was issued after the hearing. Thus, youth did not have a practical opportunity to object to any error in the written order. In these circumstances, youth is excused from our preservation requirements. *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 182, 205 P3d 36 (2009) (stating same in similar circumstances where order lacking required written findings was issued after hearing).

We turn to the merits of this appeal. ORS 419C.478(1) provides:

> "The court may, in addition to probation or any other dispositional order, place an adjudicated youth who is at least 12 years of age in the legal custody of the Oregon Youth Authority for care, placement and supervision or, when authorized under subsection (3) of this section, place an adjudicated youth in the legal custody of the Department of Human Services [DHS] for care, placement and supervision. *In any order issued under this section, the court shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with the youth authority or the department.*"[2]

(Emphasis added.) Thus, a dispositional order that places a youth in the legal custody of OYA, as occurred here, "shall include written findings describing why it is in the best interests of the adjudicated youth to be placed" with OYA.

---

[2] Youth was over 14 years old at the time of the relevant dispositional hearing.

Youth contends that the court's written findings that youth had violated the requirements of his probation and had not followed the J Bar J program rules do not describe *why* it was in youth's best interests to be placed in the custody of OYA. We agree. The trial court's findings merely state that youth had violated the requirements of his probation and how youth had violated the requirements of his probation, which were necessary precursors to the court's decision to extend youth's probation and issue a new probation disposition judgment. The legislature, however, has required that juvenile courts also consider and then separately provide a written explanation of why it is in a youth's best interests to be in the custody of OYA or DHS and not with youth's family or in the community. *See M. A. (A139693)*, 227 Or App at 183-84 (noting that when a statute requires written findings in an order, the legislature has expressed its intent that the trial court carefully evaluate and address the statutory requirements).

Something more is needed to describe why it is in a youth's best interests to be committed to OYA's custody other than the mere fact of a probation violation. Here, the probation violation and the basis for that violation could perhaps lead to an explanation of why it would be in the best interests of youth to be committed to a custodial setting rather than to remain with family or in the community, but it is not an explanation itself. Although the court may have discussed some aspects of why it was committing youth to OYA custody at the hearing, the legislature mandated that the court issue written findings in the order regarding youth's bests interests.

We turn to the appropriate disposition. The parties both cite to case law that requires that we vacate the judgment and remand for the juvenile court to express in writing whether, and why, it is in youth's best interests to be committed to the custody of OYA. *See State v. J. R. C.*, 289 Or App 848, 850, 412 P3d 1201 (2018) (vacating and remanding for juvenile court to make necessary findings under ORS 419C.478(1)). We agree that is the appropriate disposition. However, because we also reject youth's argument that the trial court erred when it extended youth's

probation after it concluded that youth willfully violated his probation requirements, we affirm the rest of the judgment.

Vacated in part and remanded for written findings under ORS 419C.478(1); otherwise affirmed.