Submitted February 24, vacated and remanded for written findings under ORS 419C.478(1) May 3, 2023

In the Matter of D. B. O.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. B. O.,
*Appellant.*

Washington County Circuit Court
20JU01523;
A176532 (Control), A176535

529 P3d 1004

Youth appeals a judgment and order entered in youth's delinquency case placing him in the care and custody of the Oregon Youth Authority (OYA) and further recommending placement in a youth correctional facility. Youth argues that the juvenile court erred by failing to adequately explain in writing, as required by ORS 419C.478(1), why it found the commitment to be in his best interests. In this case, the commitment order reads, "Youth cannot be maintained in the community." *Held*: "Cannot be maintained in the community" fails to explain why it is in youth's "best interests" to be placed in OYA custody. The juvenile court needed to further explain, in the commitment order, its consideration of the significant ramifications the commitment will have on youth and his rehabilitation. "Cannot be maintained in the community" is too ambiguous to meet the requirements of ORS 419C.478(1).

Vacated and remanded for written findings under ORS 419C.478(1).

Brandon M. Thompson, Judge.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Vacated and remanded for written findings under ORS 419C.478(1).

**JACQUOT, J.**

Youth appeals a judgment and order entered in youth's delinquency case placing him in the care and custody of the Oregon Youth Authority (OYA) and further recommending placement in a youth correctional facility. ORS 419C.478(1) mandates that in any order committing a youth to the custody of OYA, a juvenile court "shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with the youth authority." Youth alleges that the juvenile court erred by failing to adequately explain in writing why the commitment was in his best interests. Because the juvenile court did not make adequate written findings to explain why commitment to OYA was in *youth's* best interest, we vacate both the judgment and order and remand for further proceedings consistent with this opinion.

Youth, 12, was adjudicated delinquent for sexually abusing another child while at school. Between jurisdiction and disposition, he had run from a community placement and was not found for three weeks. The court completed a disposition judgment and a commitment order committing him to the care and custody of OYA for a period not to exceed 13 years. In the space allocated on the commitment order for written best interest findings, the commitment order reads, "Youth cannot be maintained in the community." The box recommending placement in the youth correctional facility is checked. At the same time, the juvenile court entered a disposition judgment, a separate document, which also ordered that youth be committed to OYA custody. The judgment included two additional special probation conditions: (1) "Youth needs to complete sex offender [treatment] with OYA," and (2) "OYA needs to monitor youth's medication at least monthly."

Youth raises one assignment of error. He argues that when ordering youth committed into OYA custody, the juvenile court erred by failing to include written findings pursuant to ORS 419C.478(1) adequately describing why such commitment was in youth's best interests. The matter is not preserved, but youth is excused from preservation requirements because he had no opportunity to object before

the judgment and commitment order were issued. *State v. S. D. M.*, 318 Or App 418, 420, 506 P3d 1190 (2022) (citing *State ex rel DHS v. M. A.*, 227 Or App 172, 182, 205 P3d 36 (2009)).

ORS 419C.478(1) provides:

"The court may, in addition to probation or any other dispositional order, place an adjudicated youth who is at least 12 years of age in the legal custody of the Oregon Youth Authority for care, placement and supervision or, when authorized under subsection (3) of this section, place an adjudicated youth in the legal custody of the Department of Human Services for care, placement and supervision. In any order issued under this section, *the court shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with the youth authority* or the department."[1]

(Emphasis added.)

The statutory requirement for written findings is "unambiguous." *State ex rel Juv. Dept. v. C. N. W.*, 212 Or App 551, 552, 159 P3d 333 (2007). The parties do not need to request findings, and findings are necessary even when evidence supports the juvenile court's disposition. *Id.* A juvenile court's failure to include findings is legal error. *Id.*; *see also State ex rel Juv. Dept. v. K. M.-R.*, 213 Or App 275, 276, 160 P3d 994 (2007) (remanding for juvenile court to make appropriate written findings). Regardless of community safety or other practical considerations leading to the youth's commitment, such as a probation violation, the mandate explicitly requires the findings to describe *why* it is in the *youth's* "best interests" to be committed to OYA. *See S. D. M.*, 318 Or App at 421 (written findings under ORS 419C.478(1) stating that the youth had "violated the requirements of probation" failed to describe "*why it is in a youth's best interests* to be committed to OYA's custody" (emphasis added)). A best interests assessment is "a child-focused consideration" and "must be child-centered." *Dept. of Human Services v. T. M. D.*, 365 Or 143, 158, 166, 442 P3d 1100

---

[1] The language of ORS 419C.478(1) was amended after the relevant events in this case to replace "youth offender" with "adjudicated youth." Or Laws 2021, ch 489, § 2. The amendment does not affect our analysis, and we use the current statutory language for convenience.

(2019). By requiring written findings concerning the child's best interests, the legislature expressed its intent that the juvenile court carefully evaluate the decision and separately provide a written explanation. *S. D. M.*, 318 Or App at 420 (explaining that legislatively required written best interest findings are meant to ensure that a juvenile court's decision is most likely to lead to a positive outcome for the child (citing *M. A.*, 227 Or App at 183-84)).

This court's decision in *S. D. M.* provides the groundwork for our analysis. In that case, an adjudicated youth's probation was revoked because the youth did not follow probationary rules and complete the sex-offender-treatment program ordered by the juvenile court. 318 Or App at 420-21. The juvenile court filled out a preprinted form committing the youth to OYA custody, and the form provided a space to describe why commitment was in the youth's best interests. *Id.* at 420. The juvenile court wrote that "youth violated the requirements of probation; he did not follow the rules of sex offender treatment." *Id.* On appeal, we held that those findings were insufficient. We explained that the statute expresses the legislature's intent that juvenile courts "also consider and then separately provide" a written description of why OYA custody is in the youth's best interests, as opposed to remaining with family or in the community. *Id.* at 421. We explained:

> "Something more is needed to describe why it is in a youth's best interests to be committed to OYA's custody other than the mere fact of a probation violation. Here, the probation violation and the basis for that violation could perhaps lead to an explanation of why it would be in the best interests of youth to be committed to a custodial setting rather than to remain with family or in the community, but it is not an explanation itself."

*Id.* Although the juvenile court may have discussed its reasoning during the hearing, it must provide written findings in the order. *Id.*

Here, the court wrote on the uniform commitment judgment, "cannot be maintained in the community." That finding fails to explain why it is in youth's *best interests* to be placed in OYA custody. While it could perhaps lead to

an explanation, "it is not an explanation itself" concerning what is best for youth. *Id*.

In particular, the court's written finding is too ambiguous to satisfy the requirement for "an explanation of why it would be in the best interests of youth to be committed to a custodial setting rather than to remain with family or in the community." *Id*. The finding may be based on a general lack of community placement options. Or perhaps it implies that there is no community placement available from which the court could be confident youth would not run away. If either of these are the case, then the finding explains why it is desirable—in varying degrees, depending on its intended meaning—as an administrative matter, for youth to be placed in OYA custody, but it does not explain why that choice "is most likely to lead to a positive outcome for" youth. *M. A.*, 227 Or App at 183-84.

Another possibility is that, as the state contends, the finding means that youth has specific needs that can be met only in OYA custody. If that is the case, OYA custody may be not only administratively desirable but also necessary for youth to have his needs met. However, if so, the juvenile court does not explain that conclusion or what those needs are in the commitment order. To remedy that deficiency, the state proposes that we should also consider the probation conditions from the dispositional judgment in our decision. However, those probation conditions are requirements for youth to "obey" and provide potential future reasons to revoke probation. They do not necessarily speak to what is in youth's best interests as far as OYA custody, and if the juvenile court intended those conditions to provide an explanation concerning youth's best interests, it must provide such reasoning in connection with its ORS 419C.478(1) findings.

As we recognized in *S. D. M.*, the legislature imposed the findings requirement to ensure that the juvenile court takes time to consider the positive and negative impacts a decision may have on the adjudicated youth. 318 Or App at 421. Committing a 12-year-old to OYA custody for up to 13 years—more than the length of his life so far—is a decision that needs to be carefully examined for the significant

ramifications the commitment will have on youth and his rehabilitation. By providing a written explanation for why it is in the youth's *best interests*, the juvenile court shows that it engaged in a careful evaluation before making such a significant decision. "Cannot be maintained in the community" is too ambiguous to explain why commitment is in this youth's best interests as required by ORS 419C.478(1).

Vacated and remanded for written findings under ORS 419C.478(1).