92 November 8, 2023 No. 583

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. J. B.,
aka D. J. B., aka J. W. B. B., a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. J. B.,
aka D. J. B., aka J. W. B. B.,
*Appellant.*

Lane County Circuit Court
21JU04907; A177806

Valeri L. Love, Judge.

Submitted October 11, 2023.

Erica Hayne Friedman and Youth Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Vacated and remanded as to OYA commitment; otherwise affirmed.

**AOYAGI, P. J.**

At age 17, youth was adjudicated for conduct that would constitute second-degree robbery and coercion if committed by an adult. On appeal, he raises three assignments of error. First, he argues that the juvenile court erred in adjudicating him on the robbery basis, because the evidence was legally insufficient to prove the elements of second-degree robbery. Second, in an unpreserved claim of error, he argues that the juvenile court plainly erred in adjudicating him on the coercion basis, because the evidence was legally insufficient to prove the elements of coercion. Third, he argues that the juvenile court erred in not making written findings in support of committing him to the Oregon Youth Authority (OYA). Youth's first and second arguments are not well taken, but his third is. Accordingly, we vacate the judgment and remand for the juvenile court to make the necessary findings, and we otherwise affirm.

*Second-degree robbery.* Youth contends that the evidence presented at his adjudication trial was legally insufficient to prove the elements of second-degree robbery and that the juvenile court therefore erred in adjudicating him on that basis. Our task on appeal is to view the evidence in the light most favorable to the state and determine whether a rational factfinder could find the elements of the offense to be proved. *State v. R. W. G.*, 288 Or App 238, 239-40, 404 P3d 1131 (2017). "When analyzing the sufficiency of the evidence, we make no distinction between direct and circumstantial evidence as to the degree of proof required." *State v. D. B. O.*, 326 Or App 384, 385-86, 532 P3d 921 (2023). Because of the standard of review, someone seeking reversal of a criminal conviction or delinquency adjudication based on insufficiency of the evidence "face[s] an uphill battle." *State v. Rodriguez/Buck*, 347 Or 46, 55, 217 P3d 659 (2009).

As relevant here, to prove that youth engaged in conduct that would constitute second-degree robbery if committed by an adult, the state needed to prove that, in the course of committing or attempting to commit theft, youth "threaten[ed] the immediate use of physical force upon another person" with the intent to compel the person to deliver the property, ORS 164.395(1)(b), while aided by another person

actually present, ORS 164.405(1)(b). The state put on evidence that youth and two others approached two teenagers in a park, that youth made a number of statements to one of the teenagers, C, and that youth ultimately left the park with C's iPhone. Youth argues that the evidence was legally insufficient to prove that he threatened the immediate use of physical force against C to obtain the iPhone. Having reviewed the record in the light most favorable to the state, including allowing reasonable inferences, we conclude that the evidence was legally sufficient to support the adjudication. We therefore reject the first assignment of error.

*Coercion.* Youth next argues that the evidence at his adjudication trial was legally insufficient to prove the elements of coercion and that the juvenile court therefore erred in adjudicating him on that basis. The standard of review is the same as for the first assignment of error, except that youth did not challenge the sufficiency of the evidence of coercion at his adjudication trial, so our review is limited to plain error.[1]

To prove that youth engaged in conduct that would constitute coercion if committed by an adult, the state needed to prove that youth compelled C to give his iPhone passcode to youth, by instilling a fear in C that, if C did not give his passcode to youth, youth or another person would cause physical injury to C. *See* ORS 163.275(1)(a) ("A person commits the crime of coercion when the person compels or induces another person to engage in conduct from which the other person has a legal right to abstain, *** by means of instilling in the other person a fear that, if the other person refrains from the conduct compelled or induced ***, the actor or another will *** [u]nlawfully cause physical injury to some person[.]"). Having reviewed the record in the light most favorable to the state, including allowing reasonable inferences, we conclude that the evidence was legally

_____

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

sufficient to prove coercion. We therefore reject the second assignment of error.

*Written findings.* After adjudicating youth, the juvenile court committed him to the legal custody of OYA for a period not to exceed 10 years on Count 1 and not to exceed five years on Count 2 and in no case to extend beyond his twenty-fifth birthday. The court did not make any written findings in support of that decision, stating only that it was in youth's "best interests and welfare * * * for the following reasons: ruling on a fact finding December 10, 2021." Youth challenges the lack of written findings. The state concedes, and we agree, that the court erred in that regard.

ORS 419C.478(1) provides that "any order" placing a youth offender who is at least 12 years old in the legal custody of the OYA "shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with" OYA. As recently discussed in *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023), a court commits legal error by not making the statutorily required written findings, regardless of whether anyone requested them, and regardless of whether the evidence supports the disposition. It follows that the juvenile court erred in this case in failing to make written findings in support of its decision to commit youth to the legal custody of OYA. Accordingly, we vacate the judgment and remand for the court to make best-interest findings.

Vacated and remanded as to OYA commitment; otherwise affirmed.