No. 690 December 28, 2023 809

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. B. O.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. B. O.,
*Appellant.*

Washington County Circuit Court
20JU02812; A177760 (Control), A177761

Brandon M. Thompson, Judge.

Submitted June 8, 2023.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Vacated and remanded as to OYA commitment; otherwise affirmed.

**POWERS, J.**

In this consolidated juvenile delinquency case, youth appeals from the judgment placing him in the care and custody of the Oregon Youth Authority (OYA) for a period not to exceed two years for conduct that, if committed by an adult, would constitute sexual abuse in the third degree and harassment. On appeal, youth's challenge is narrow: He argues that the juvenile court erred because its written findings were inadequate to satisfy ORS 419C.478(1). In a related case, we discussed that statutory standard and concluded that the legislative mandate embodied in ORS 419C.478(1) explicitly requires written findings to describe why it is in the youth's best interests to be committed to OYA. *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023).

In this case, the entirety of the juvenile court's written findings regarding youth's best interests provide: "It is in the best interest and welfare of the youth that he/she be placed in the legal custody of the Oregon Youth Authority *** because[:] youth is already in OYA YCF [youth correctional facility] and cannot be maintained in the community." That economical explanation does not fulfill the legislative mandate for written findings. Something more than finding that youth was in a YCF on another case is needed. *See id.* at 751 (concluding that "Cannot be maintained in the community" is too ambiguous to meet the statutory standard). Although it is true that the juvenile court gave more explanation in its oral ruling, that reasoning is not part of the court's written findings and therefore does not meet the statutory requirement for written findings.

Vacated and remanded as to OYA commitment; otherwise affirmed.