No. 93 February 12, 2025 769

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of S. L. D., fka S. L. D.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

S. L. D.,
fka S. L. D.,
*Appellant.*

Clackamas County Circuit Court
22JU03172; A181142

Colleen F. Gilmartin, Judge.

Argued and submitted January 14, 2025.

Erica Hayne Friedman argued the cause for appellant. Also on the briefs was Youth, Rights & Justice.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Vacated and remanded for written findings under ORS 419C.478(1).

**TOOKEY, P. J.**

In this juvenile delinquency case, youth appeals a judgment finding him to be within the jurisdiction of the juvenile court and placing him in the custody of the Oregon Youth Authority (OYA) for a period not to exceed 36 months. Youth raises two assignments of error; we address only the second. In his second assignment of error, youth contends, and the state concedes, that the juvenile court failed to comply with the ORS 419C.478(1) requirement of "includ[ing] written findings describing why it is in the best interests of the adjudicated youth to be placed with [OYA]." We agree with and accept the state's concession.[1] Therefore, we vacate the judgment and remand.

As noted, ORS 419C.478(1) requires that, when placing an adjudicated youth in the legal custody of the OYA, the juvenile court "shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with [OYA]." In this case, the juvenile court's written findings were limited to a notation on the judgment form citing the "significance of [the] offense and [the] resulting death of another" in support of youth's commitment to OYA custody.

The juvenile court's findings in the written judgment did not satisfy ORS 419C.478(1). That is because the written judgment did not demonstrate that the juvenile court fulfilled the legislature's intent "that the juvenile court takes time to consider the positive and negative impacts a decision may have on the adjudicated youth." *See State v. D. B. O.*, 325 Or App 746, 750, 529 P3d 1004 (2023) (citing *State v. S. D. M.*, 318 Or App 418, 421, 506 P3d 1190 (2022)); *see also State v. E. S.*, 333 Or App 350, 354, 552 P3d 754 (2024) ("Findings that are ambiguous as to whether they are directed to the youth's best interests * * * will not survive appellate review and will result in remand for additional findings.").

---

[1] That conclusion obviates the need for us to address youth's first assignment of error, in which he contends that the trial court erred in failing to apply the correct legal standard in determining whether OYA custody was in youth's "best interests" under ORS 419C.478(1). *See State v. D. B. O.*, 325 Or App 746, 749-50, 529 P3d 1004 (2023) (so resolving a similar case in which "the court's written finding is too ambiguous" despite the juvenile court having "discussed its reasoning during the hearing").

On remand, the juvenile court should consider whether placement in OYA custody is in youth's "best interests" for purposes of ORS 419C.478(1). That determination is "child-centered" and focused on whether OYA custody is "likely to lead to a positive outcome" for youth. *D. B. O.*, 325 Or App at 748, 750 (internal quotation marks omitted); *see also State v. T. J. L.*, 335 Or App 477, 486, 558 P3d 855 (2024) (juvenile court may consider "accountability" not as punishment, but in the sense "that taking personal responsibility for wrongdoing is important to personal growth and reformation, which is in line with the goal of rehabilitation").

Vacated and remanded for written findings under ORS 419C.478(1).