92                    July 23, 2025                    No. 651

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. J. D., aka A. D.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

A. J. D.,
aka A. D.,
*Appellant.*

Coos County Circuit Court
23JU02095, 23JU0418;
A182686 (Control), A182688, A182721, A182722

Martin E. Stone, Judge.

Argued and submitted June 9, 2025.

Erica Hayne Friedman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Vacated and remanded for additional written findings under ORS 419C.478(1).

**EGAN, J.**

Youth appeals a judgment committing him to the Oregon Youth Authority (OYA) with a recommendation for placement in a youth correctional facility pursuant to ORS 419C.478(1). He assigns error to the juvenile court's failure to make sufficient written findings under ORS 419C.478(1) describing why it is in youth's best interests to be committed to the legal custody of OYA.[1] For the reasons explained below, we vacate and remand.

We review the sufficiency of the juvenile court's written findings pursuant to ORS 419C.478(1) for legal error. *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023). ORS 419C.478(1) authorizes the juvenile court to "place an adjudicated youth who is at least 12 years of age in the legal custody of [OYA] for care, placement and supervision" but requires that, as part of any order doing so, the court "shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with [OYA]." *State v. E. S.*, 333 Or App 350, 351, 552 P3d 754 (2024) (emphasis omitted). As a result, failure to include these written findings is legal error.

In this case, the juvenile court issued a judgment with a single-sentence explanation of its decision to commit youth to OYA custody: "There are no means less restrictive at this time to keep the youth and community safe."

Youth argues on appeal that the juvenile court's explanation is insufficient under ORS 419C.478(1) because it fails to center on the youth's best interest and does not reflect that the court engaged in a careful evaluation in reaching its decision, as required by the statute. According to youth, although the written finding mentions youth's safety, it does not reflect that the court engaged in a careful evaluation of the harm inherent in incarceration and any potential benefits of state custody. *See E. S.*, 333 Or App at 757 ("Findings that are ambiguous as to whether they are directed to the youth's best interests—versus being directed

___

[1] Youth is excused from the preservation requirement because the issue arose for the first time in the judgment. *State v. D. B. O.*, 325 Or App 746, 747, 529 P3d 1004 (2023).

to what is in the best interests of the community, what is in the best interests of other individuals, what is administratively convenient, what is justifiable punishment for a probation violation, or the like—will not survive appellate review and will result in a remand for additional findings."); s*ee also D. B. O.*, 325 Or App at 748 ("Regardless of community safety or other practical considerations leading to the youth's commitment, such as a probation violation, the mandate explicitly requires the findings to describe *why* it is in the *youth's* 'best interests' to be committed to OYA." (Emphasis in original.)).

Here, the language in the juvenile court's statement fails to articulate the link between youth's best interest and his placement with OYA; it simply states that there are "no means less restrictive at this time to keep the youth and community safe." The finding fails to focus, as the legislature has required, on *youth's* best interest. ORS 419C.478(1); *see State v. E. J. R.*, 341 Or App 488, 499, ___ P3d ____ (2025) ("The legislature has tasked the juvenile court not just with stating that the decision to place the child in custody is in the child's best interest, but with "describ[ing] *why*" the choice to place the child in the custody of OYA is in the best interest of that particular child." (Emphasis in original.)). To "describe why" that choice is in the child's best interest, we have explained that:

> "[T]he juvenile court should identify its factual findings regarding the child's needs, in particular, the needs that are driving the court's decision to place the child in OYA custody and any needs that may cut against the placement; explain how placing the child in OYA custody will serve those needs; and consider the downsides of OYA custody for the particular child."

*E. J. R.*, 341 Or App at 499. Thus, the trial court's judgment, finding that "[t]here are no means less restrictive at this time to keep the youth and community safe" is too ambiguous to explain why commitment is in youth's best interest as required under ORS 419C.478(1).

Vacated and remanded for additional written findings under ORS 419C.478(1).