No. 688 July 30, 2025 323

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. L. C. M,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. L. C. M.,
*Appellant.*

Washington County Circuit Court
23JU04589, 23JU02636; A183773 (Control), A183774

Thomas A. Goldman, Judge pro tempore.

Submitted June 13, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Vacated and remanded for written findings under ORS 419C.478(1).

**EGAN, J.**

Youth appeals in this consolidated delinquency case, assigning error to the juvenile court's failure to make required written findings when it placed youth in the legal custody of the Oregon Youth Authority. We vacate and remand for the juvenile court to make those findings.[1]

Youth was on probation in both cases. The juvenile court subsequently revoked probation and ordered that he be placed with the Oregon Youth Authority. ORS 419C.478(1) provides that a court placing a youth in the legal custody of the Oregon Youth Authority or Department of Human Services must "include written findings describing why it is in the best interests of the adjudicated youth to be placed with the youth authority or the department." We review the sufficiency of the juvenile court's written findings for legal error. *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023).

Youth contends that the judgments here provided an account of youth's poor behavior on probation, but did not contain the required written findings explaining why placement with the youth authority was in youth's best interests. The state concedes the error. We accept the state's concession and vacate and remand the judgments for written findings that satisfy ORS 419C.478(1).

Vacated and remanded for written findings under ORS 419C.478(1).

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.