422 August 6, 2025 No. 709

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. J. P.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. J. P.,
*Appellant.*

Crook County Circuit Court
22JU03569; A181488

Wade L. Whiting, Judge.

Submitted January 29, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Vacated and remanded for written findings under ORS 419C.478(1).

**SHORR, P. J.**

Youth appeals from a judgment revoking his probation and committing him to the Oregon Youth Authority (OYA) for placement in a youth correctional facility. Youth raises one assignment of error on appeal: that the juvenile court failed to make written findings as required by ORS 419C.478(1) describing why it is in youth's best interests to be placed with OYA. We agree with youth that the written findings do not satisfy ORS 419C.478(1) and accordingly vacate the judgment and remand for written findings.

ORS 419C.478(1) authorizes the juvenile court to "place an adjudicated youth who is at least 12 years of age in the legal custody of [OYA] for care, placement and supervision" and requires that, in the order doing so, the court "include written findings describing why it is in the best interests of the adjudicated youth to be placed with [OYA]." We review the sufficiency of the juvenile court's written findings pursuant to ORS 419C.478(1) for legal error. *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023).

In a template order committing youth to the custody of OYA, the court completed the single line available for the best interests findings as follows:

"- For the safety of youth and community

"- No other placement that is appropriate for youth to engage in treatment in the community."

We conclude that the juvenile court's findings do not reflect "the careful and explicit evaluation that is required under ORS 419C.478(1)." *State v. E. J. R.*, 341 Or App 488, 496, ___ P3d ___ (2025). In *E. J. R.*, we examined our recent case law on such best interests findings and concluded that the following statement of best interests was insufficient: "[t]here is no less restrictive placement that will assure the youth will conform his conduct to the law and other conditions that may be imposed to protect the best interests of the youth or community." 341 Or App at 492, 496-99. Similarly, in *D. B. O.*, we concluded that a statement that "youth cannot be maintained in the community" was insufficient, as it "fail[ed] to explain why it is in [the] youth's *best interests* to

be placed in OYA custody." *D. B. O.*, 325 Or App 749 (emphasis in original).

In *D. B. O.*, we noted that the findings were ambiguous and did not explain whether they were based on a lack of community placement options, whether there was no placement available that the court could be confident would control the youth, or whether the youth's needs could only be met in OYA custody—effectively, it was unclear whether the commitment to OYA custody was necessary or simply administratively convenient. *Id.* at 750. The lack of detail in the order made it unclear why the decision was "most likely to lead to a positive outcome for [the] youth," or what the youth's needs were that could only be met in OYA custody. *Id.* The same is true regarding the findings here. Although the order indicates that youth was to engage in treatment, it does not explain what that treatment was, why it was in youth's best interests, or what the circumstances were regarding the lack of other appropriate placements.

The finding regarding the "safety of youth and community" is also too conclusory to satisfy the statutory requirement. In *E. J. R.*, we noted that the legislature "has tasked the juvenile court not just with stating that the decision to place the child in custody is in the child's best interest, but with 'describ[ing] *why*' the choice to place the child in the custody of OYA is in the best interest of that particular child." 341 Or App at 499 (quoting ORS 419C.478(1)) (brackets and emphasis in *E. J. R.*). We further stated:

> "To 'describe why' that choice is in the child's best interest, the juvenile court should identify its factual findings regarding the child's needs, in particular, the needs that are driving the court's decision to place the child in OYA custody and any needs that may cut against the placement; explain how placing the child in OYA custody will serve those needs; and consider the downsides of OYA custody of the particular child."

*Id.* Simply stating that commitment is in the best interests of the child due to "the safety of youth and community" does not fulfill the child-specific explanation the statute demands—all children are in need of safety. The order does not provide any explanation for how youth's safety and

interests will be served in OYA custody rather than in some other placement.[1]

Finally, we acknowledge that in an associated judgment revoking youth's probation, the juvenile court provided a somewhat fuller explanation:

"There are no county resources sufficient to insure the safety of the youth [and] community, due to youth's continued probation violations, including running away, using drugs and not engaging in sex offenders treatment. Youth's county probation is terminated [and] youth is placed in the custody of OYA for the purpose of placement in the Youth Correctional Facility."

Those statements were included in a section of the disposition judgment for documenting additional probation conditions when probation is continued, extended, or reinstated, which was not the case for youth. Here, the state effectively concedes that we cannot consider the statements in the judgment revoking probation because they are not part of the best-interests findings under ORS 419C.478(1) in the order committing youth to OYA custody. We agree. *See D. B. O.*, 325 Or App at 747, 750 (rejecting the state's argument that the best interests finding should be interpreted in light of probation conditions regarding sex offender treatment and medication monitoring included in the dispositional judgment, noting that "[t]hey do not necessarily speak to what is in youth's best interests as far as OYA custody, and if the juvenile court intended those conditions to provide an explanation concerning youth's best interests, it must provide such reasoning in connection with its ORS 419C.478(1) findings"). For the reasons discussed above, we vacate the judgment and remand so that the court may again consider youth's best interests and provide the appropriate written findings under ORS 419C.478(1) if it once more concludes that it is in youth's best interests to be placed in OYA custody.

Vacated and remanded for written findings under ORS 419C.478(1).

---

[1] We reiterate our observation from *State v. E. S.*, 333 Or App 350, 352, 552 P3d 754 (2024), that "a form containing a single line for best-interests findings is not well suited to making thoughtful written findings."