594 December 10, 2025 No. 1069

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE STATE OF OREGON

In the Matter of E. M. M.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

E. M. M.,
*Appellant.*

Union County Circuit Court
22JU04181; A183866 (Control), A183867

Thomas B. Powers, Judge.

Submitted August 27, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Stacy Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Vacated and remanded for written findings under ORS 419C.478(1).

**O'CONNOR, J.**

Youth appeals from a juvenile court judgment continuing probation and committing youth to the custody of Oregon Youth Authority (OYA). Youth raises two assignments of error. In his first assignment of error, youth argues that the juvenile court erred when it overruled youth's objection to his probation officer's testimony about what youth's mother told the probation officer in a phone call. Youth contends that the trial court was required to exclude the probation officer's testimony under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In his second assignment of error, youth argues that the juvenile court failed to make adequate written findings in its order to support his commitment to OYA under ORS 419C.478(1), contending that the written findings failed to describe why commitment to OYA was in youth's best interest. As we explain below, we reject youth's first assignment of error as unpreserved, and we agree with youth that the juvenile court failed to explain why commitment to OYA custody was in youth's best interest. Accordingly, we vacate and remand for the juvenile court to make written findings.

In his first assignment of error, youth argues that his hearsay objection to the probation officer's testimony at the probation hearing adequately preserved the due process-based confrontation argument that youth makes on appeal because the hearsay objection was a shorthand reference to the due process argument. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"). "[T]he winds of preservation can be gauged by looking to the weathervane of trial court surprise: Would a trial court be taken aback to find itself reversed *on this issue, for this reason*?" *State v. Quebrado*, 372 Or 301, 314, 549 P3d 524 (2024) (internal quotation marks omitted; emphasis in original).

The rules prohibiting the admission of hearsay and the due process right to confront witnesses both address the admissibility of an out-of-court statement. However, they are too distinct for the hearsay objection in this case to preserve the due process argument that youth makes on appeal. The hearsay and due process confrontation issues derive from

different sources. The Oregon Evidence Code governs the admissibility of hearsay. The Fourteenth Amendment controls when a court must permit a youth to confront a witness during a probation violation proceeding. The due process issue also requires a materially different analysis than a hearsay objection. Youth's hearsay objection would have not alerted the trial court that youth believed it was required to engage in the due process analysis. Thus, youth did not preserve his first assignment of error. Youth does not request plain error review, and we decline to review for plain error. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that we "ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so").

Youth also did not preserve his second assignment of error. But the preservation requirement is waived because the asserted error occurred for the first time in the judgment. *State v. D. B. O.*, 325 Or App 746, 747-48, 529 P3d 1004 (2023) (waiving the preservation requirement for a similar argument for a youth committed to OYA custody when the juvenile court failed to include adequate written findings under ORS 419C.478(1)). Therefore, we address youth's argument on the merits.

Youth admitted to several probation violations. The juvenile court's required written findings provided:

> "Community based probation has not been successful in the past. The youth's behavior endangers the welfare of the youth, or another person, or endangers the community. The youth has specific needs that can be met by OYA."

The juvenile court has the authority to place an adjudicated youth in OYA custody and the order "shall include written findings describing why it is in the best interests of the adjudicated youth to be placed with the youth authority." ORS 419C.478(1). In ORS 419C.478(1), "[t]he legislature expressed its intent that the juvenile court carefully evaluate its decision to place youth in OYA custody and consider the positive and negative impacts such a decision may have on an adjudicated youth and to articulate its reasoning and conclusion in written form." *State v. E. J. R.*, 341 Or App 488, 498, 576 P3d 1051 (2025). The written findings "are

necessary even when evidence supports the juvenile court's disposition and th[e] failure to make the required written findings is legal error." *State v. E. S.*, 333 Or App 350, 351, 552 P3d 754 (2024) (internal quotation marks omitted).

"The best interests assessment is a child-focused consideration and must be child-centered." *State v. N. K. H.*, 341 Or App 78, 80, 572 P3d 349 (2025) (internal quotation marks omitted). Written findings that explain only that a youth violated their probation fail to explain why it is in the youth's best interests to be committed to OYA's custody. *State v. S. D. M.*, 318 Or App 418, 421, 506 P3d 1190 (2022). Written findings that "list[ ] [a juvenile court's] concerns with [a] youth's behavior in the community, instead of describing why placement in OYA custody was in [a] youth's best interests" also do not satisfy ORS 419C.478(1)(c). *State v. M. B.*, 341 Or App 334, 341, 575 P3d 219 (2025). Additionally, written findings that "could perhaps lead to an explanation" do not explain what is in the best interests of a youth. *D. B. O.*, 325 Or App at 749-50 (concluding that the juvenile court's written finding that youth "cannot be maintained in the community" was not an adequate explanation why OYA commitment was better for the youth than to remain with his family (internal quotation marks omitted)).

For example, in *E. J. R.*, the written findings explained that the juvenile court committed the youth to OYA because "[t]here is no less restrictive placement that will assure the youth will conform his conduct to the law and other conditions that may be imposed to protect the best interests of the youth or community." 341 Or App at 498 (internal quotation marks omitted). We concluded that those finding were ambiguous, in violation of ORS 419C.478(1). *Id.* at 496. The findings failed to focus on the youth's best interests "by referring to [the] youth's inability to conform to conditions imposed to protect the best interests of the community." *Id.* at 498 (internal quotation marks omitted). We also explained that the written findings were "too conclusory to satisfy" ORS 419C.478(1). *Id.* at 499.

Here, the trial court's written findings are ambiguous in violation of ORS 419C.478(1). They rely on the fact that youth violated probation. The findings leave unclear

who is endangered—youth, another, or the community. They fail to address youth's specific needs and why OYA commitment addresses those needs, as is required by ORS 419C.478(1), like the findings in *E. J. R. See also D. B. O.*, 325 Or App at 750 (explaining that if the court intended to convey a written finding that OYA custody was the only way for a youth's "specific needs" to be met, it needed to explain "that conclusion or what those needs are in the commitment order"). Therefore, the juvenile court failed to provide adequate written findings in its order committing youth to OYA, and we vacate and remand on youth's second assignment of error.

Vacated and remanded for written findings under ORS 419C.478(1).