228 April 1, 2026 No. 262

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. R. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

K. R. C.,
*Appellant.*

Coos County Circuit Court
24JU03584; A185436 (Control), A185437

Matthew P. Muenchrath, Judge.

Argued and submitted March 5, 2026.

Erica Hayne Friedman argued the cause for appellant. Also on the briefs was Youth, Rights & Justice.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Vacated and remanded.

**JACQUOT, J.**

Youth appeals from a judgment committing him to the legal custody of Oregon Youth Authority (OYA). In one assignment of error,[1] youth argues that the juvenile court erred by failing to make adequate written findings under ORS 419C.478(1) describing why OYA commitment is in youth's best interests. We review the sufficiency of the juvenile court's written findings for legal error. *State v. D. B. O.*, 325 Or App 746, 748, 529 P3d 1004 (2023). The state concedes that the juvenile court's lack of written findings requires us to vacate and remand for correction of the judgment. We agree that the lack of written findings in this case requires remand. However, youth also argues that we should explicitly provide written instructions requiring the juvenile court to consider the youth's best interests on remand. We vacate and remand.

The parties agree that the juvenile court's best interests findings were insufficient. ORS 419C.478(1) authorizes the juvenile court to "place an adjudicated youth who is at least 12 years of age in the legal custody of the Oregon Youth Authority for care, placement and supervision" and requires the court to "include written findings describing why it is in the best interests of the adjudicated youth to be placed with [OYA]."

Assessment of a youth's best interest is "a child-focused consideration" and "must be child-centered." *Dept. of Human Services v. T. M. D.*, 365 Or 143, 158, 166, 442 P3d 1100 (2019). We have previously explained:

> "Findings that are ambiguous as to whether they are directed to the youth's best interests—versus being directed to what is in the best interests of the community, what is in the best interests of other individuals, what is administratively convenient, what is justifiable punishment for a probation violation, or the like—will not survive appellate review and will result in remand for additional findings."

*State v. E. S.*, 333 Or App 350, 354, 552 P3d 754 (2024).

---

[1] The parties agree that youth is excused from the preservation requirement because youth did not have an opportunity to object to the findings. *State v. D. B. O.*, 325 Or App 746, 747-48, 529 P3d 1004 (2023).

Here, the juvenile court made the following written findings specific to youth: "There are no means less restrictive at this time to keep the youth and community safe."[2] There were no other additional written findings related to youth, but the juvenile court did note that there were "[a]dditional findings made on the record and [are] incorporated herein[.]"

ORS 419C.478(1) requires a specific consideration as to whether commitment to OYA custody is in the best interests of that particular child. The statute requires the court to explain "the needs that are driving the court's decision to place the child in OYA custody and any needs that may cut against the placement[,] *** how placing the child in OYA custody will serve those needs; and consider the downsides of OYA custody for the particular child." *State v. E. J. R.*, 341 Or App 488, 499, 576 P3d 1051 (2025).

Additionally, the statute requires the juvenile court to reduce those findings to written form. ORS 419C.478(1).

_____

[2] The full text of the juvenile court's written findings were:

"After considering the relevant facts and circumstances, the Court finds the youth is at least 12 years of age and it is in the best interest of the youth, the victim(s) (if any) and the community that the youth be placed in the legal custody of the Oregon Youth Authority (ORS 419C.478(1)) because: (*Required Youth specific findings*) There are no means less restrictive at this time to keep the youth and community safe. Additional findings made on the record and incorporated herein[.]"

(emphasis in original).

The juvenile court's spoken findings were:

"After considering the relevant facts and circumstances[,] the [c]ourt finds that the youth is at least twelve years of age and it is in the best interest of the youth, the victims, and the community that the youth be placed in the *** legal custody of the Oregon Youth Authority under 419C.478(1) because: One, there ha[ve] been multiple probation violations. Two, the unauthorized use of a motor vehicle would allow for that. There appears to be substance use and misuse and potentially substance use disorder with this youth.

"There's been repeated bad choices that have continuously affected his family; have affected the community; and affected his ability to attend school. That there's been numerous outbursts in school, and an inability to comply with the rules of probation and at school. And that based on those findings I find there's no means less restrictive at this point to keep you and the community safe.

"I also find that the Oregon Youth Authority has a program that *** the local resources just do not have. And that you need to have some intervention now. And that intervention would include substances use disorder treatment, education, *** in a structured program that you can receive at a facility such as Saint Mary's or the Parrot facility."

The state agrees with youth, as do we, that the juvenile court may not circumvent the written findings requirement by merely incorporating its oral findings by reference, as the juvenile court did here. *See Dept. of Human Services v. A. S.*, 338 Or App 183, 188-89, 565 P3d 491 (2025) (declining to proceed down the "slippery slope" of adopting the Oregon Department of Human Services' position that "a juvenile court could merely incorporate its oral findings by reference in the written judgment" because "that approach would open the door to eviscerating the requirement for written findings altogether.").

Youth argues that the reasoning in *A. S.*, a juvenile dependency case, applies with equal force to the written-findings requirement in ORS 419C.478(1). As youth argues, the legislature imposed the written-findings requirement in ORS 419C.478(1) "to ensure that the juvenile court takes time to consider the positive and negative impacts a decision may have on the adjudicated youth," and that, "[b]y providing a written explanation for why it is in the youth's *best interests*, the juvenile court shows that it engaged in a careful evaluation before making such a significant decision." *D. B. O.*, 325 Or App at 750-51 (emphasis in original). Therefore, we remand the case for the juvenile court to render written findings as to whether and, if so, why, OYA custody is in the best interests of the youth.

Secondarily, youth argues, and the state contests, that we should provide the juvenile court with instructions as to the written findings it should make on remand. Youth argues that the juvenile court committed reversible error by failing to separately evaluate youth's best interests, as ORS 419C.478(1) requires, and instead considering the community's and the victim's interests in combination with youth's interests. Youth argues that the juvenile court's express reliance on interests other than youth's shows that it applied the wrong legal standard in making its commitment ruling. Because the legislature used the present tense in ORS 419C.478(1), as youth argues, the best-interest determination must focus on the youth's current circumstances and not his needs at some point in the past. *See State ex rel Dept. of Human Services v. C. R.*, 340 Or 436, 447, 134 P3d 940

(2006) (explaining that the legislature's use of the present required consideration of parent's fitness at the time of the termination hearing and "not whether a parent was unfit at some time in the past.").

However, the state argues that we need not provide additional instructions and that we need not reach this argument for two reasons. First, the state argues that the juvenile court may permissibly consider community safety in its best-interests determination. ORS 419C.411 provides a broad range of factors to consider when determining the disposition of a juvenile delinquency case.[3] *Accord State v. T. J. L.* (*T. J. L. I*), 335 Or App 477, 486-87, 558 P3d 855 (2024) (observing that a juvenile court can weigh a number of considerations contemplated by ORS 419C.411 when crafting a disposition). One of the factors the juvenile court must consider is the "immediate and future protection required

_____

[3] ORS 419C.411(3) and (4) provide:

"(3) Except as otherwise provided in subsections (6) and (7) of this section, in determining the disposition of the case, the court shall consider each of the following:

"(a) The gravity of the loss, damage or injury caused or attempted during, or as part of, the conduct that is the basis for jurisdiction under ORS 419C.005;

"(b) Whether the manner in which the adjudicated youth engaged in the conduct was aggressive, violent, premeditated or willful;

"(c) Whether the adjudicated youth was held in detention under ORS 419C.145 and, if so, the reasons for the detention;

"(d) The immediate and future protection required by the victim, the victim's family and the community; and

"(e) The adjudicated youth's juvenile court record and response to the requirements and conditions imposed by previous juvenile court order.

"(4) In addition to the factors listed in subsection (3) of this section, the court may consider the following:

"(a) Whether the adjudicated youth has made any efforts toward reform or rehabilitation or making restitution;

"(b) The adjudicated youth's educational status and school attendance record;

"(c) The adjudicated youth's past and present employment;

"(d) The disposition proposed by the adjudicated youth;

"(e) The recommendations of the district attorney and the juvenile court counselor and the statements of the victim and the victim's family;

"(f) The adjudicated youth's mental, emotional and physical health and the results of the mental health or substance abuse treatment; and

"(g) Any other relevant factors or circumstances raised by the parties."

by the victim, the victim's family, and the community."
ORS 419C.411(3)(d). We have previously explained that the
juvenile court may consider ORS 419C.411 factors as part
of making a best-interest determination. *State v. T. J. L.*
(*T. J. L. II*), 337 Or App 600, 602-03, 564 P3d 503 (2025).

Second, the state argues that because the juvenile
court was focused on helping youth "break out of the bad
cycle he was in to have lasting change" in its oral ruling, the
juvenile court was properly focused on youth's best interests.

However, youth replies that, due to the ongoing
confusion about the relationship between the best-interest
determination in ORS 419C.478(1) and the general disposi-
tional considerations in ORS 419C.411, we should expressly
provide that the juvenile court consider anew whether OYA
custody will serve youth's best interests before it may again
order OYA commitment, as we did in *State v. D. J. P.*, 342 Or
App 422, 576 P3d 1043 (2025).

In *D. J. P.*, the juvenile court hand wrote in a
template on the single line available for the best interests
finding:

"- For the safety of youth and community

"- No other placement that is appropriate for youth to
engage in treatment in the community."

*Id.* at 423. We concluded that "the juvenile court's findings
do not reflect 'the careful and explicit evaluation that is
required under ORS 419C.478(1).'" *Id.* (citing *State v. E. J. R.*,
341 Or App at 496). The statements in *D. J. P.*, though writ-
ten, did not describe why commitment to OYA would serve
the child's best interests. 342 Or App at 424-25.[4]

We think the trial court can ably conduct the
appropriate analytical process regarding the consideration
of youth's best interests without further direction from us.
There is one disposition for a youth, and that disposition has
many components. If the court decides to commit a youth to
OYA, it must go through the legislatively-prescribed steps of
considering the impacts that commitment will have on the

---

[4] We also observe that the legislature seems to have contemplated a decision-
making process that is not easily documented in a one-line blank space.

youth, beneficial and adverse, and then reflect those find-
ings in writing. The written findings here did not do that,
as both parties agree. Some but not all of the oral findings
made by the court might have satisfied the ORS 419C.478(1)
requirement if they had been written into the judgment. For
instance, the court noted how young youth was and how sup-
portive his family had been, yet, neither the written nor oral
findings indicate a weighing of how those circumstances
might change if the youth was committed. On remand, the
court must conduct a "careful and explicit evaluation," make
findings regarding youth's best interests, and memorialize
them in writing. *E. J. R.*, 341 Or App at 496. Before making
a final placement decision, it must also consider and adjust
for the ORS 419C.411 factors, including community safety
and the safety of the victim. Vacating the judgment here
will allow the juvenile court to engage in and document the
deliberative process as required by the legislature. *See id.* at
499.

Vacated and remanded.